## Henry F. Hull v. Alfred Swarthout and another.

*Mortgages: Foreclosure: Abatement: Compromise: Bona fide purchaser.* Where a purchaser of lands who negotiated for the purchase with one who had previously conveyed to another on a parol understanding that the title was to be held for him, and gave a purchase price mortgage to secure two promissory notes, has afterwards made an arrangement with both at a time when each claimed to own one of the notes and after the maturity of one of the notes, that in compromise of a claim that he had been defrauded by false representations on the purchase, an allowance of three hundred dollars should be made to him to apply on the note not yet due, this arrangement will subject the whole debt, in the hands of either of these parties or of any one claiming through them who is not a *bona fide* purchaser, to an abatement of that amount; and after payment in full of the note on which this allowance was to be applied, the abatement will be enforced against the other note in a foreclosure suit brought by a subsequent purchaser of such note after its maturity.

*Legal title: Parol understanding :' Equitable interest.* One dealing in good faith with the person in whose name the legal title stands has no concern with, and is not bound to inquire into, any parol understanding of which he has no notice whereby some equitable interest is claimed by another.

*Mortgages: Promissory notes: Equities: Bona fide purchaser.* One in whose hands a debt consisting of two notes is subject to an equity, cannot transfer the whole debt as one demand at a time when one of the notes is past due, except subject to this equity to the extent of the amount remaining unpaid on the matured note, notwithstanding the arrangement between the original parties was that the deduction in question should be applied upon the other note.

*Mortgages: Bona fide purchaser.* A purchaser of notes and a mortgage who makes no showing, other than the recital in the assignment to him, of the payment of value for them, or that they were actually transferred and deliv-

29 MICH.—32.

ered to him before maturity, or that they were ever endorsed to him at all, is in no position to insist upon the rights of a *bona fide* holder of negotiable paper.

*Compromises.* Where parties have compromised a claim apparently made in good faith by one against the other, the courts will not go back of the action thus deliberately taken to inquire into the reasonableness of the compromise or the merits of the disputed claim.

*Heard April 23 and 24. Decided April 28.*

Appeal in Chancery from Ionia Circuit.

W. W. MITCHEL, for complainant.

A. WILLIAMS, for defendants.

COOLEY, J.

The bill in this case is filed to foreclose a mortgage given by defendants to Albert Van Vleck to secure the payment of a note for fifteen hundred dollars, payable to Van Vleck or order on or before May 1, 1871, and another for seven hundred and ninety dollars, payable in like manner on or before December 1, 1871, both of which bore date January 24, 1871, and were given for puchase money of the land described in the mortgage. From the evidence it appears that the land had previously belonged to one Porter, who deeded it to Van Vleck on some parol understanding, as he claims, that it was to be held for him. Defendants purchased the land in the winter when there was considerable snow upon the ground, negotiating mainly with Porter, but not, so far as the evidence shows, being then informed that Porter was the real party in interest. They paid at the time of the purchase three hundred and fifty dollars, and they claim that certain representations were then made to them regarding the quality of the land, which proved, when the snow went off, to be unfounded. When the fifteen hundred dollar note fell due Van Vleck called upon the defendants to make payment, and they then told him they had been deceived in the purchase, and their testimony is that they proposed to give up the place and lose what they had paid rather than attempt to fulfill

the bargain. It is agreed among all the parties that considerable negotiation then took place, to which Van Vleck, Porter and the defendants were parties, in which Van Vleck spoke of the fifteen hundred dollar note as his, and Porter of the seven hundred and ninety dollar note as belonging to him, and it was finally agreed that three hundred dollars should be allowed to the defendants to apply on the seven hundred and ninety dollar note, Porter claiming that he agreed to make a present of that amount, while defendants assert that it was an allowance for the damages they claimed to have sustained by reason of the misrepresentations. As evidence of the allowance Van Vleck gave a receipt as follows:

"May 8, 1871. Received three hundred dollars on a note given to me by Alfred Swarthout January 24, 1871, due December, 1871. A. Van Vleck."

This receipt was given in pencil, there being no ink present. Van Vleck and Porter both say defendants were to give it up and take Porter's receipt instead, when it should be brought to them written in ink, but defendants deny this, and claim to have supposed Van Vleck was the proper person to give the receipt, because all their writings were between them and him. Why, if the facts were as stated by Van Vleck and Porter, the latter did not give the receipt in the first place is not satisfactorily explained, but there is some evidence in support of theirs, and we do not undertake to decide which parties are right in this regard. At this time the defendants paid thirteen hundred and seventeen dollars on the larger note, and when afterwards Van Vleck offered them Porter's receipt for three hundred dollars in exchange for his own, they refused to make the exchange. The three hundred dollars was never endorsed on the seven hundred and ninety dollar note, and a few days before it fell due that note was in the hands of the complainant, to whom the defendants on demand made payment in full. And this suit is instituted to foreclose for the small balance unpaid on the larger note.

The bill sets forth that Van Vleck on the 29th day of November, 1871, " by an instrument in writing by him duly executed, signed and acknowledged, and for the consideration of nine hundred and seventy-three dollars, did sell, assign and set over to your orator all his right, title and interest in and to said mortgage and notes." The sum mentioned was the exact amount of principal then due on the two notes, neither of which bore interest until overdue, and there is no showing by pleading or evidence that complainant became purchaser of either of the notes from any person other than Van Vleck, or that the ownership of the notes had ever, by any purchase by Porter from Van Vleck, or by Van Vleck from Porter if the latter was to be regarded as owner, been changed after they were given. We are left to infer from the evidence, though without much showing, that Van Vleck for some unexplained reason was holding and selling the land for Porter, and that on one occasion after the sale each claimed one of the two notes given for the purchase price as his individual property, though why or upon what ground the claim was made does not appear. As it was not shown that there had been any sale of either of the notes, or any transfer by indorsement, it must be manifest that no one was at that time in position to assert rights as a *bona fide* holder against any equities of the defendants. On the contrary, as the same person to whom the notes were given subsequently transferred them to complainant, and it does not appear that either the legal or equitable title had been transferred in any manner previously, the legal presumption, must be against any such transfer, and that whatever equitable right of ownership, either of the land or the notes, had ever been in Porter he had held by mere understanding between himself and Van Vleck; an understanding in which third persons dealing with either or both of them could have no concern whatsoever, and no business to inquire into, inasmuch as Van Vleck, by being held out to the public as owner, was fully authorized to deal as such with third persons.

It remains, then, to be seen what title complainant acquired by his assignment from Van Vleck. If he bought in good faith, he might collect the smaller note, because it was not yet due; but at the time of the purchase the whole debt in the hands of Van Vleck and Porter was subject to an abatement of three hundred dollars, which both of them had agreed should be applied on the smaller note, but which had never been applied in fact. The dispute regarding the reason for not applying it is of no importance whatever, for the receipt would only be evidence of the reduction, and not the thing itself. Porter, on his own showing, ought to have endorsed it; and as Van Vleck was party to the arrangement, and was possessed of the legal title, he could not have enforced the notes and mortgage except subject to the deduction, and consequently could not transfer any greater right to another, as to that portion of the debt which was already past due. When he transferred the notes and mortgage as one demand, he transferred them subject to this equity, and though the whole amount of this equity cannot be protected as against the complainant, or any other person who, before the last note fell due, might have purchased without knowledge of the facts, it can and ought to be protected as to the amount apparently due on the first note. There is, however, nothing in this record, except the recital in the assignment, to show that complainant ever paid value for the notes and mortgage, or that they were actually transferred and delivered to him before the second note fell due, or that they were ever endorsed to him at all; and consequently he is in no position to insist upon the rights of a *bona fide* holder of negotiable paper under any circumstances.

We have not considered the question whether any misrepresentations were made in the original transaction which would have entitled defendants to claim an abatement from the purchase price. It is enough for the purposes of this case that there was a dispute between the parties on the subject, and that a claim was made by defendants which

we have no reason to doubt was made honestly, and which the other parties compromised with them. The courts ought not to go back of that to inquire into the reasonableness of action thus deliberately taken.—*Gates v. Shutts, 7 Mich., 127 ; Moore v. Detroit Locomotive Works, 14 Mich., 266.*

The decree must be reversed, with costs of both courts, and the bill dismissed.

CAMPBELL and CHRISTIANCY, JJ., concurred.

GRAVES, CH. J., did not sit in this case.