COLLINS v. SEARIGHT-DOWNS MANFG. CO.

1. COMPROMISE AND SETTLEMENT—SETTLEMENTS ARE FAVORED BY COURTS.

Compromises of pending controversies are favored by the courts, and will not be disturbed unless on satisfactory evidence of mistake, fraud, or unconscionable advantage.

2. SAME—SETTLEMENT AGREEMENT STATED IN OPEN COURT BINDING —COURT RULES.

Entry of a decree which embodied the terms of a settlement agreed upon by the attorneys for the parties and stated in open court by plaintiff's attorney in the presence of defendants' attorney was warranted, although defendants dispensed with the services of their attorney and retained other counsel who informed the court that defendants could not meet the terms of the settlement agreed upon, and stated they were not bound thereby; said agreement not being a private one unenforceable under the terms of Circuit Court Rule No. 4.

Appeal from Jackson; Williams (Benjamin), J. Submitted October 4, 1928. (Docket No. 46, Calendar No. 31,789.) Decided December 4, 1928.

Bill by Jeffrey N. Collins against the Searight-Downs Manufacturing Company and others for an accounting: On motion of defendants to set aside a settlement agreement. From a decree for plaintiff, defendants appeal. Affirmed.

*Richard Price* and *John F. Henigan,* for plaintiff.

*Forrest C. Badgley* and *Maxwell F. Badgley,* for defendants.

SHARPE, J. The questions involved on this appeal are whether the trial court was warranted in entering the decree made, and whether he should have granted defendants' motion to set the same aside.

There seems to be but little, if any, dispute about the facts. They are thus stated by the trial judge: When the cause was called for hearing in open court at 9 o'clock in the forenoon of November 26, 1923, the court inquired if an effort at settlement had been made. He was informed that it had not, but that the attorneys would be glad to confer with that end in view. The court was advised from time to time during the day that a settlement was probable, but just before the usual time for adjournment he informed counsel that the hearing would better proceed. The request of defendants' counsel for a little further time was granted, and soon thereafter the attorneys for the parties came into court and one of plaintiff's attorneys stated to the court for the record:

"Counsel have announced in open court an adjustment and settlement of the matters in controversy, which involves the payment of $10,299 and government tax and interest in instalments, the first of which comes due Monday, December 3d, and on

motion of both counsel the court ordered that the further hearing of the case be suspended until Monday, December 3, 1923, at 9:00 o'clock in the morning.''

We quote from the judge's statement:

''It is also true, and not disputed, however, that while not shown by the stenographer's minutes, it was at the same time also stated in open court, in the hearing and recollection of the court, and evidenced by the written memorandum of Mr. Sempliner, attorney for defendants, that the sum of $10,299 was to be paid in the following instalments: $1,000 by the following Monday (December 3d), $1,500 by January 1st; $2,500 on March 1st; $2,500 on May 1st; and $2,799 on July 1st, with interest at 6 per cent., and that the case was to be held until payment of said amounts.''

When the court convened on December 3d, it appeared that the defendants had dispensed with the services of the attorney above named and had retained local counsel. These counsel informed the court that the defendants could not meet the terms of the settlement agreed upon, and stated that in their opinion they were not bound thereby. Plaintiff's counsel then asked the court to enter a decree pursuant to the terms of the settlement, and after some delay, during which time defendants filed objections thereto, such request was granted. Defendants soon thereafter moved to set the same aside, which motion was denied.

Circuit Court Rule No. 4 reads as follows:

''No private agreement or consent between the parties to a cause, or their attorneys respecting the proceedings in a cause which shall be denied by either party, shall be binding, unless the same shall have been made in open court, or unless evidence

thereof shall be in writing subscribed by the party or his attorney against whom the same is alleged.''

When a settlement was arrived at, it might have taken the form of a decree of the court or an agreement embodying its terms, signed by the parties. The latter course was attempted, but, owing to the change of attorneys by the defendants, it was not consummated. Compromises of pending controversies are favored by the courts (*Hull* v. *Swarthout*, 29 Mich. 249), and will not be disturbed ''unless on satisfactory evidence of mistake, fraud or unconscionable advantage.'' *Prichard* v. *Sharp*, 51 Mich. 432.

No claim is made that the decree does not embody the terms of settlement as agreed upon and stated in open court. The fact that it was so stated clearly indicates that the parties were not thereafter to carry out a private agreement made between themselves, but that it should be taken cognizance of by the court and enforced by it if necessary.

The decree is affirmed, with costs to appellee.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.