## DUTROWSKA *v.* LANDOLFO.

COMPROMISE AND SETTLEMENT—FAILURE OF ATTORNEY TO ENTER HIS APPEARANCE—ATTORNEY AND CLIENT.

> Plaintiff is bound by terms of settlement notwithstanding failure of attorney who was in court with her and negotiated terms of settlement to enter his appearance in accordance with usual practice.

Appeal from Wayne; Moll (Lester S.), J. Submitted August 15, 1931. (Docket No. 28, Calendar No. 35,661.) Decided October 5, 1931.

Action by Marie Ann Dutrowska against Giovanni Landolfo for breach of promise of marriage and seduction. From order denying motion to vacate settlement agreement, plaintiff appeals. Affirmed.

*Harry J. Lippman* (*J. Leon Katz,* of counsel), for plaintiff.

*Anthony Maiullo,* for defendant.

NORTH, J. Plaintiff through her attorneys, Jankowski & Chamski, brought a capias suit against defendant in which she sought to recover damages for breach of promise and seduction. On or about the eighth day of December, 1930, attorney Jankowski met with a fatal accidental injury. On the following day the case was assigned for trial to one of the Wayne county circuit judges, Honorable Lester S. Moll. Plaintiff appeared with an attorney, Mr. Anderson, who was not a member of the firm of Jankowski & Chamski. It appears from the record that the services of this attorney were secured for plaintiff by Mr. Daskam, who was handling the matter in behalf of Jankowski & Chamski. Negotiations for settlement were at once undertaken between Anderson and defendant's attorney, and such negotiations continued until about three o'clock in the afternoon, whereupon the trial judge insisted upon proceeding with the case. It was then announced to the court that a settlement for $300 had been agreed upon. The court advised plaintiff that she need not accept the settlement unless agreeable to her and that he would not approve of it unless she so accepted. After some colloquy the court said to plaintiff:

"I want your statement. Is it (the settlement) or is it not agreeable?"

To this the plaintiff responded:

"Yes it is."

The court then said to plaintiff:

"If it is agreeable, I will accept it; if it is not, I will not. I don't want you to feel that you are

in any way compelled to any stated settlement whatsoever, by the court; nor should you be compelled by anyone to accept a settlement which is not entirely agreeable to you. Now, if such an offer is accepted by you, that will be in complete satisfaction for any cause of action which you have against the defendant in this case. It will be a complete and full settlement, and bar any further suit on the same transaction. Now, is it or is it not agreeable?"

The plaintiff:

"Yes, it is agreeable."

Thereupon $50 of the agreed settlement was paid and retained by Mr. Anderson as compensation for his services, and the case was adjourned three days to enable defendant to pay the balance. After leaving court plaintiff went to her present counsel, stated the facts and circumstances involved in her case, and was advised that she should not accept the settlement. Her present counsel thereupon informed the trial judge that the settlement was not agreeable to plaintiff. He appeared in court on the adjourned day and declined to accept payment of the amount agreed upon in the settlement. The balance of $250 was paid into court. Thereafter counsel filed a motion to set aside the settlement stipulation which had been entered in the records of the court on the 9th of December, 1930. Upon hearing, the trial judge denied the motion, and plaintiff has appealed.

In support of her appeal appellant sets forth that she did not understand the full significance of her acceptance in open court, "she then and there having been honestly of the opinion that it would be possible for her to institute further action because of the grievance herein involved as against the defendant and thus obtain further moneys by reason thereof."

It is also contended in behalf of appellant that since Mr. Anderson did not actually enter his appearance as her attorney of record, she is not bound by the stipulation for settlement. The record discloses that the trial judge gave the application to vacate the order of settlement careful consideration. Plaintiff is a woman of mature years, formerly married and divorced. It fairly appears from this record that plaintiff in another suit claimed to be defendant's common-law wife. Circumstances are pointed out in the record which sustain the claim of the attorneys who negotiated the settlement that it was made in good faith. We think the circuit judge was justified in refusing to vacate the order of settlement. Plaintiff is bound by the terms of the settlement notwithstanding the failure of the attorney who was in court with her and negotiated the terms of the settlement to enter his appearance in accordance with the usual practice.

"Failure to comply strictly with rules of court is an irregularity." (Syllabus) *Goodspeed* v. *Smith,* 161 Mich. 688.

"If a client knowingly permits his case to be argued by a person in the service of his attorneys and under their direction, he is presumed to have consented thereto." (Syllabus) *Eggleston* v. *Boardman,* 37 Mich. 14.

No point is made of the fact that, so far as appears from the record of the journal entries, final judgment has not been entered in the circuit court; hence we have passed this phase of the record which if urged would be fatal on appeal. The judgment of the circuit court is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.