KELLY *v.* HEINZELMAN.

1. APPEAL AND ERROR—CANCELLATION OF INSTRUMENTS—ACCOUNTING—INJUNCTION—DE NOVO REVIEW.

Suit for cancellation of land contract and an accounting and to enjoin summary proceedings after forfeiture of land contract, being a chancery case, is reviewed *de novo* by the Supreme Court.

2. ATTORNEY AND CLIENT—SUBSTITUTION OF ATTORNEYS—STIPULATION—CONSIDERATION OF PAPERS BY COURT.

Consideration of petition for rehearing of a suit in equity, filed by attorneys other than those who had been counsel of record theretofore, might properly be refused in the absence of a proper stipulation *for* substitution of attorneys or a satisfactory showing that such a stipulation could not be obtained.

3. COMPROMISE AND SETTLEMENT—SETTLEMENTS ARE FAVORED BY COURTS.

Compromises of pending controversies are favored by the courts, and will not be disturbed unless on satisfactory evidence of mistake, fraud, or unconscionable advantage.

4. EQUITY—REHEARING—COMPROMISE AND SETTLEMENT—MISTAKE, FRAUD, OR UNCONSCIONABLE ADVANTAGE—EVIDENCE.

Denial of rehearing after entry of consent decree embodying terms of compromise agreement entered into in open court in the presence of one of the plaintiffs, the defendants and attorneys for both parties in suit involving loose and indefinite agreements and dealings between the parties in an exchange of encumbered properties, is not interfered with where there is no showing of mistake, fraud, or unconscionable advantage (Court Rule No. 11 [1933]).

Appeal from Osceola; Neal (Max E.), J. Submitted April 6, 1945. (Docket No. 78, Calendar No. 42,171.) Decided May 14, 1945.

Bill by Hazel Kelly and others against Frank Heinzelman and wife to cancel a land contract, to compel the execution of a deed, and for money damages. Decree entered on settlement. Plaintiffs' motion for rehearing denied. Plaintiffs appeal. Affirmed.

*Calvin B. Talhelm* (*Archibald D. Jones,* of counsel), for plaintiffs.

*Robert B. Savidge,* for defendant.

STARR, C. J. Plaintiffs Archie Kelly and wife, Hazel, owned a house and lot in the city of Perry, Shiawassee county, subject to a mortgage of $300, and they and plaintiff Dora Bacon owned a 40-acre farm near Perry, subject to a mortgage of $1,440. Defendants owned a farm in Osceola county, subject to a mortgage of $2,422, and also the stock and tools on the farm, subject to an indebtedness of $1,200. Defendants listed their farm for sale with a real estate agent in Owosso, and through him an oral agreement was made with plaintiffs for an exchange of properties, the terms of which agreement later became in dispute. In March, 1941, plaintiffs conveyed to defendants their house and lot and farm at Perry, subject to the indebtedness thereon. On April 16, 1941, plaintiffs entered into a land contract for the purchase of defendants' farm, which provided in part:

"Second party (plaintiffs) hereby purchases said premises of first party (defendants) and agrees to pay first party therefor, the sum of $1,021 and exchange of real estate in manner following: one dollar and exchange of real estate on delivery of this contract, the receipt whereof is hereby confessed and acknowledged by first party, and the remaining

$1,020 plus Federal loan of $2,422, the sum which is secured by this contract, together with interest on the whole sum that shall be from time to time unpaid at the rate of 6 per cent. per annum, payable as follows: $70 to be paid May 20, 1941, and the sum of $50 plus the Federal loan payment of $70 on September 1, 1941, and a like sum each 6 months thereafter payable on the first day of the month, said payments to include both interest and principal, more may be paid at any time. Said second party also agrees to pay all taxes and assessments, extraordinary as well as ordinary that shall be taxed or assessed on said premises from the date hereof, including all payments on the present Federal loan and the taxes thereon from the year 1939 and 1940, until said sum shall be fully paid as aforesaid.''

It further appears that the parties entered into an oral agreement relative to the sale and purchase of the stock and tools on defendants' farm, but the terms of that agreement also became in dispute. About June 1, 1941, plaintiffs moved onto the farm. In September defendants declared a forfeiture of the land contract because of alleged default by plaintiffs and began summary proceedings to recover possession of the farm. On October 20, 1941, plaintiffs filed bill of complaint in the present case, alleging fraud and misrepresentation by defendants as to the amount and value of the stock, tools, and fencing on the farm and as to soil conditions and the amount that would be realized from the sale of gravel. In their bill plaintiffs asked for an accounting, that defendants be enjoined from further proceedings in the summary action, that the land contract of April 16, 1941, be canceled, and that defendants be decreed to convey the farm to them, subject to the mortgage thereon. Plaintiffs also asked for damages sustained by reason of the alleged fraud and misrepresentation. An injunction was

issued restraining further prosecution of the summary action, but on defendants' motion it was later dissolved. In their answer to the bill of complaint defendants denied the charges of fraud and misrepresentation and that plaintiffs were entitled to the relief sought.

The bill of complaint shows Archibald Jones as attorney for plaintiffs. By written stipulations in February, 1942, Jones withdrew, and Henry Miltner and Charles Miltner were substituted as their attorneys. On March 31st, Charles Miltner advised plaintiff Hazel Kelly by letter that the case should be brought on for trial. On April 7th plaintiffs Archie and Hazel Kelly were notified that the case was set for trial the next day. On April 8th plaintiffs' attorney, Charles Miltner, and plaintiff Hazel Kelly and also defendants and their attorney were present in court. The trial was delayed while the parties and their attorneys negotiated regarding settlement, and it appears that they agreed upon a compromise settlement, the terms of which were embodied in a consent decree filed May 11th. The decree states in part: "The parties being present in open court with their respective attorneys, a stipulation of compromise and settlement between all parties involved was announced and entered upon in open court."

The decree provided that plaintiffs be given credit for certain payments on the farm mortgage and for insurance premiums and that defendants were to waive interest on the land contract to April 16, 1942. It also provided that plaintiffs should pay an instalment due on the mortgage and the delinquent 1939 taxes on the farm and, on or before May 20, 1942, pay the sum of $200 on the principal of the land contract and court costs of $35. The decree also determined the balance due on the land contract,

and provided that if plaintiffs failed to make the above-mentioned payments by May 20th, defendants would be entitled to possession of the farm.

On June 1, 1942, plaintiffs, by attorney Calvin Talhelm, filed petition for a rehearing of the case on the grounds, among others: (1) that they did not consent to the entry of the decree, (2) that it was entered without a trial on the merits, (3) that their attorney, Charles Miltner, had no authority to consent to the entry of the decree, and (4) that it erroneously provided that if they failed to make the specified payments by May 20th, they were required to surrender possession of the farm. It should be noted that the record shows no stipulation or order substituting Talhelm as attorney for plaintiffs in place of the Miltners. In her affidavit supporting said petition for rehearing, plaintiff Hazel Kelly claimed that, because plaintiffs were not notified of the trial until April 7th, they were unable to contact certain witnesses who resided in southern Michigan; also that the Miltners were hired ''for the express purpose of trying the said cause, and for no other purpose.'' Although admitting that she was present in court on April 8th, plaintiff Hazel Kelly stated in her affidavit that she did not know the terms of the compromise settlement, or that a decree was to be entered, until about May 15th. In his affidavit supporting said petition plaintiff Archie Kelly stated that he was not present in court when the compromise settlement was made and that he did not agree to the entry of a consent decree or to the terms of the decree entered. Defendants' answer denying plaintiffs' right to a rehearing was supported by the affidavit of their attorney and also by the affidavit of Henry Miltner, one of the attorneys

of record for plaintiffs. In his order denying plaintiffs' petition for a rehearing, the trial judge said:

"It appearing to the satisfaction of the court that said plaintiffs were adequately and properly represented by counsel on the date of trial and of the consent to the decree as described in said petition, that said case had been at issue during the February term and also was regularly on the calendar in the April term, of which plaintiffs had due notice, that ample time was afforded plaintiffs to be ready for trial, that negotiations for settlement were carried on with Hazel Kelly, one of the plaintiffs and who appears to have been mainly active in this litigation, and her counsel, and that she was fully apprised and consented to the agreement arrived at, that said agreement for a consent decree was stipulated in open court in the presence of the plaintiffs, who thereupon expressly or impliedly consented thereto."

Plaintiffs appeal from the order denying their petition for a rehearing. This being a chancery case, we review the same *de novo*. The only question presented is whether or not the consent decree entered by the trial court should be set aside and a new trial granted. Plaintiffs contend that their attorney, Charles Miltner, had no authority to make the compromise settlement and consent to the entry of the decree. It should be noted that on this appeal attorneys Talhelm and Jones again appear as attorneys for plaintiffs, although the record shows no stipulation or order substituting them in place of the Miltners. Such practice is subject to criticism, and the trial judge might properly have refused to consider plaintiffs' petition for a rehearing or to certify the record, in the absence of a proper stipulation for substitution of attorneys or a satisfactory

showing that such a stipulation could not be obtained.

Plaintiffs Archie Kelly and Dora Bacon were not present in court on April 8th when the compromise settlement was discussed and negotiated. However, the record shows that plaintiff Hazel Kelly was present and that the negotiations for settlement were carried on with her. In his affidavit in opposition to plaintiffs' petition for a rehearing, Henry Miltner, one of plaintiffs' attorneys of record, stated in part:

"That he, Henry Miltner, and Charles H. Miltner were retained as attorneys for the plaintiffs in the above-entitled cause, on or about January 1, 1942.

\* \* \*

"That he, the said Henry Miltner, and Charles H. Miltner have acted as attorneys for the plaintiffs continuously from that time until this date, and that there has been no substitution of attorneys since your deponent and Charles H. Miltner entered appearance in said cause. \* \* \* That the files in said cause are in the possession of deponent, and that no request has been made by said plaintiffs for said files. \* \* \*

"That Charles H. Miltner had charge of the trial of said cause in April, 1942, and after a lengthy conference with Robert B. Savidge, attorney for defendants, at which the plaintiffs, or some of them were present, and after giving due consideration to the proofs, pro and con, that could be submitted, and the facts disputable and indisputable, as claimed by each of said attorneys, an agreement was finally arrived at with the full consent of the plaintiffs for the settlement of said cause, and on terms subsequently embodied in the decree filed in said cause, which your deponent and the said Charles H. Miltner believe represents a just and fair settlement of the claims of the plaintiffs, and which the plaintiffs agreed to at the time of said trial."

Plaintiffs based their claim to equitable relief upon the alleged fraud and misrepresentations of defendants in connection with the exchange of their properties. It appears from the record that the agreements and dealings between the parties were loose and indefinite and that the results of a trial would have been uncertain. The situation was one to justify plaintiffs' attorney in effecting a compromise settlement. Plaintiff Hazel Kelly was present and participated in the discussion and negotiation for settlement. The settlement was made in open court (Court Rule No. 11 [1933]), and there was no showing of fraud, deceit, collusion or bad faith on the part of plaintiffs' attorney, Charles Miltner, in negotiating the settlement or in consenting to the entry of the decree in question.

A situation somewhat similar to that before us in the present case was considered in *Collins* v. *Searight-Downs Manfg. Co.*, 245 Mich. 41. In affirming denial of a motion to set aside a decree entered in pursuance of a settlement made in open court, we said:

"When a settlement was arrived at, it might have taken the form of a decree of the court or an agreement embodying its terms, signed by the parties. * * * Compromises of pending controversies are favored by the courts (*Hull* v. *Swarthout*, 29 Mich. 249), and will not be disturbed 'unless on satisfactory evidence of mistake, fraud or unconscionable advantage.' "

In the case of *Prichard* v. *Sharp*, 51 Mich. 432, we said:

"There was a true controversy, and the result of it * * * no one could predict, and in this state of uncertainty it was entirely competent for the parties to settle the dispute themselves, instead

of trying it in court; and no tribunal would have a right to disturb their compromise, unless on satisfactory evidence of mistake, fraud or unconscionable advantage.''

Under the facts and circumstances shown by the record we find no occasion to interfere with the order of the trial judge denying plaintiffs' application for a rehearing. *Katz* v. *Kowalsky*, 296 Mich. 164 (134 A. L. R. 179); *Hewett Grocery Co.* v. *Biddle Purchasing Co.*, 289 Mich. 225; *Dutrowska* v. *Landolfo*, 255 Mich. 377; *Foster* v. *Wiley*, 27 Mich. 244 (15 Am. Rep. 185); *Arnold* v. *Nye*, 23 Mich. 286. The factual situations involved in the cases cited by plaintiffs readily distinguish them from the present case.

The order denying rehearing is affirmed. Defendants may recover costs of both courts.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.