POWELL *v.* MARTONE.

1. STIPULATIONS—MISTAKE—FRAUD—UNCONSCIONABLE ADVANTAGE.
    In the absence of a showing of mistake, fraud or unconscionable advantage, a stipulation in open court is binding on a party thereto.

2. SAME—MODIFICATION ON APPEAL.
    Stipulation in open court whereby plaintiff was to obtain a deed from defendant titleholders and simultaneously execute a deed to other defendants, operative only at death of plaintiff and give latter defendants a lease of the downstairs apartment for which they were to begin to pay rent at a specified future date is modified to provide plaintiff is to have upstairs apartment for remainder of her life, where such right appears to have been contained within the stipulation.

3. SAME—MOTION TO SET ASIDE—HEARING—EVIDENCE.
    Hearing motion to set aside stipulation on affidavits was not error in absence of demand or request to take testimony of witnesses.

4. COSTS—EACH PARTY PREVAILING IN PART.
    No costs are allowed on appeal in suit to set aside stipulation made in open court, where each party has prevailed in part.

Appeal from Jackson; Simpson (John), J. Submitted June 10, 1948. (Docket No. 43, Calendar No. 44,043.) Decided October 4, 1948.

Bill by Alice M. Powell against Tony Martone and others to compel execution of deed. Decree entered on stipulation. Plaintiff appeals. Affirmed.

*Dahlem & Dahlem,* for plaintiff.

*Phillip C. Kelly,* for defendants Martone.

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am. Jur., Stipulations, §§ 9, 14.
[1–3] Relief from stipulations.  161 A.L.R. 1161.
[4] 14 Am. Jur., Costs, § 11.

Reid, J.   Plaintiff filed the bill of complaint to establish her title to certain lands and for an injunction.   Plaintiff appeals from a decree based upon a stipulation agreed to by her attorney in open court.

On February 28, 1940, plaintiff was the owner by inheritance from her parents of the house and lot where she and her parents had lived for many years in Jackson.   There was a mortgage against the premises for about $900, which mortgage was about to be foreclosed.   Plaintiff desired to obtain a loan from defendant Clifford A. Potts for $1,500 and requested plaintiff's niece, defendant Helen Martone, and husband, defendant Tony Martone, to indorse plaintiff's obligation to Mr. Potts, who would not accept plaintiff's sole signature on the obligation.

On said date, February 28, 1940, plaintiff deeded the premises to defendants Potts and wife as security for the loan of $1,500.   On the same day, plaintiff gave $300 back to Mr. Potts, and Mr. Potts entered into a land contract with defendants Martone for $1,500, of which $300 was paid down, the balance to be paid in payments of $15 each month until the full amount of principal and interest at 6 per cent. (deducted from monthly payments) was paid in full.

Plaintiff claims that an arrangement was made between herself, Mr. Potts and wife, and the Martones, that plaintiff should deed the premises to Potts and wife, as security only for repayment of the amount of the loan, $1,500, and that upon payment of the $1,500 Potts and wife should deed the premises back to plaintiff, subject only to the provision that if plaintiff should die before the repayment to Potts, then the Martones by paying the balance unpaid on the land contract would be entitled to conveyance from Potts, but that if plaintiff paid the full amount to Potts before her death, the Martones would have no interest in the property. Plaintiff claims she understood, until shortly before

bringing the suit, that she was a party vendee in the land contract.

Defendants Martone claim they were to have title at the death of the plaintiff in any event but that if they (Martones) completed the payments before plaintiff's death, then their title would be subject to a life estate in plaintiff.

Defendants Martone moved into the downstairs apartment in November, 1940. That part of the house had theretofore been rented by plaintiff to tenants. Plaintiff continued to live in the upstairs apartment.

Plaintiff claims she paid $3 a month toward the $15 monthly payments, handing the money to Martones for that purpose.

Plaintiff claims that shortly before bringing the suit, she learned that Martones were scheming to pay up the contract and in consideration of such payment to obtain a deed to themselves of the premises. She filed her bill of complaint to establish her title to the premises and to enjoin the Martones from selling or encumbering the premises or doing any other act affecting the title to the premises.

When this suit came on for trial, on suggestion of the court, the parties through their respective attorneys conferred as to a compromise settlement of the matters involved. Thereupon the result, their agreement, was stated in open court as follows:

"*Mr. Noon* [attorney for plaintiff]: The agreement is that the Martones are to forthwith pay the amount due, or the balance of the land contract between themselves and Potts, and, thereupon, Potts and wife will execute a deed to Alice M. Powell, and concurrently therewith Alice M. Powell will execute a deed of these premises to Martone and wife, with the provision therein that the deed is not to be effectual or become operative until the event of the death of Alice M. Powell.

"The balance of the land contract is something like $350, and the Martones are to have that amount distributed at $12 a month until it uses up the $350. In other words, they are not to pay rental until after that is used up at the rate of $12 a month.

"*Mr. Kelly* [attorney for defendants Martone]: With interest and in accordance with the terms of the contract.

"*Mr. Noon:* That is right.

"*Mr. Kelly:* Yes.

"*Mr. Noon:* Thereupon, when that is used up and they have exhausted their rights under that arrangement then they are to pay by lease to be executed, they are to pay Alice M. Powell $12 a month, and that is while she lives, of course.

"*Mr. Kelly:* Yes. The lease to be executed at the same time as the other deeds.

"*Mr. Noon:* That is right.

"*Mr. Kelly:* And to become effective at once.

"*Mr. Noon:* Yes.

"*Mr. Kelly:* (Continuing): Subject to payments as stated by Mr. Noon on the record here.

"*Mr. Noon:* Yes.

"*Mr. Kelly:* And the lease to continue during the lifetime of Alice M. Powell, the lease to the Martones.

"*Mr. Noon:* Well, if that is agreeable to the court we will try and complete the mechanics of it.

"*The Court:* All right, I will leave that up to you gentlemen, which I think is the proper thing to do.

"*Mr. Noon:* Yes.

"*Mr. Kelly:* Perhaps Mr. Fisher should state on the record his agreement or disagreement to that.

"*Mr. Fisher* [attorney for defendants Potts]: Yes. The defendants, Potts, are perfectly ready and willing to comply with the agreement as stated by the attorney for the plaintiff and attorney for the defendants, Martones.

"*The Court:* All right."

Plaintiff claims that she never authorized her attorney Mr. Noon to announce such a stipulation on

her behalf, that he exceeded his authority in so do-
ing and that the same does. not represent any agree-
ment that she assented to.  She particularly claims
that she did not agree or stipulate to part with her
title to the premises, and claims that the Martones
should have a right to the title only in case of her
death before the payment was completed.   She
claims that the stipulation when viewed in the light
of equitable rules should be held vitiated, that the
stipulation was entered into under a mistake of fact
and law as to plaintiff's right to file the bill before
payment in full had been made, which mistake arose
from the erroneous supposition on the part of plain-
tiff that the contract provided that payments of $15
per month and *no more* could be made on the unpaid
consideration.    Plaintiff further claims that the
stipulation is vague and incapable of accurate deter-
mination as to her rights.

Plaintiff, through a substituted attorney, moved
to vacate the stipulation.  The court denied the mo-
tion to vacate and entered a decree on the stipula-
tion.

The record contains the affidavit of James J. Noon,
attorney for plaintiff at the hearing and during the
negotiation for a settlement, in which affidavit Mr.
Noon deposes that the settlement agreement accu-
rately sets forth the terms of the agreement under-
stood by plaintiff, that he stated to plaintiff care-
fully and clearly the proposed stipulation and that
plaintiff seemed to understand the same.  We find
from the record that the stipulation was understand-
ingly agreed to by plaintiff.  So far as we are able
under the record in this case to determine, the stip-
ulation appears to be a fair disposition of the rights
of plaintiff.

In the absence of a showing of mistake, fraud or
unconscionable advantage, a stipulation in open

court is binding on plaintiff. See *Collins* v. *Sea-right-Downs Manfg. Co.*, 245 Mich. 41.

A careful consideration of the stipulation as stated in open court, compared with other matters in the record, discloses with fair accuracy that the terms of the stipulation are as follows:

1. The Martones are forthwith (*i.e.*, as of December 3, 1946) to pay the balance, about $350, unpaid on the land contract.

2. Potts and wife are thereupon to execute a deed of the premises in question to plaintiff.

3. Plaintiff is concurrently therewith to execute a deed of the premises to the Martones containing a provision that such deed will become operative only at the death of plaintiff.

4. Plaintiff is also at the same time to give Martones a lease of the downstairs apartment for the balance of the lifetime of plaintiff; in the lease the Martones shall agree to pay plaintiff $12 each month beginning June 1, 1949 (with the covenants usual in leases concerning nonpayment of rent, et cetera) and to furnish heating for plaintiff of her upstairs apartment, and the Martones shall make repairs to that portion of the premises occupied by them and maintain same in like condition as when taken.

It is considered that deferral of payments of monthly rentals until June 1, 1949 will repay Martones for the $350 they are required to pay forthwith, including interest.

It will be seen that this leaves plaintiff the right to occupy the upstairs apartment, her "living quarters," for the remainder of her life, which was agreed to by Mr. Kelly on behalf of the Martones on the argument in this Court, and we consider that the stipulation contained such right for plaintiff.

Except as above modified, the decree appealed from is affirmed. A decree will be entered in this Court in accordance with this opinion.

Plaintiff complains that the trial court heard her motion to set aside the stipulation on affidavits and did not take the testimony of witnesses. Plaintiff does not point out any demand or request upon the trial court by her to hear the motion to vacate the stipulation on testimony rather than on affidavits. Hearing such motion on affidavits seems to have been the practice followed in *Kelly* v. *Heinzelman*, 311 Mich. 474. In the absence of a specific request to hear the motion on testimony, accompanied by offer of witnesses for purpose of testifying, we see no error in this particular.

The other questions not directly disposed of do not merit detailed consideration. No costs, each party having prevailed in part.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.