MEYER v ROSENBAUM

1. COMPROMISE AND SETTLEMENT—DENIAL OF AGREEMENT—OPEN-COURT SETTLEMENTS—WRITTEN EVIDENCE—COURT RULES.

A private agreement or consent between the parties to a cause of action is not binding where such agreement is denied by either party, unless the same has been made in open court, or unless evidence thereof is in writing subscribed by the party against whom the same is alleged (GCR 1963, 507.9).

2. COMPROMISE AND SETTLEMENT—STIPULATIONS—MISTAKE—ORDERS AND DECREES—BURDEN OF PROOF.

A litigant who asserts error in a court recorded stipulation freely entered into in open court carries a heavy burden of persuasion; every presumption of judicial care, professional competence, and decretal stability is against the overthrow of such stipulation and of orders and decrees based thereon.

3. COMPROMISE AND SETTLEMENT—MISTAKE—FRAUD—UNCONSCIONABLE ADVANTAGE.

Litigants are not free to disregard a settlement agreement knowingly entered into on the court record where mistake, fraud or unconscionable advantage is not claimed.

4. COMPROMISE AND SETTLEMENT—COURT RECORDS—MISTAKE.

A valid compromise and settlement entered into on the court record is final, conclusive, and as binding upon the parties as any contract the parties could make; such agreements are binding as if their terms were embodied in a judgment, and afterwards will not be inquired into and examined regardless of the actual merits of the antecedent claim.

5. COMPROMISE AND SETTLEMENT—STIPULATIONS—COURT RECORDS—MISTAKE.

An in-court, on-the-record stipulation between the parties to a suit will not be upset where there is no claim of mistake, fraud

or unconscionable advantage, and where there is no over-
whelming proof of error.

6. COMPROMISE AND SETTLEMENT—STIPULATIONS—COURT RECORDS—
    UNILATERAL MISTAKE OF FACT.
    A unilateral mistake of fact, unsupported by the record, does not
    vitiate an in-court, on-the-record stipulation between the par-
    ties to a suit.

Appeal from Calhoun, Stanley Everett, J. Sub-
mitted May 5, 1976, at Grand Rapids. (Docket No.
25951.) Decided September 28, 1976.

Complaint by Phillip J. Meyer, guardian of
Erma Smith, against Wayne A. Rosenbaum seek-
ing to cancel the purchase of land previously
owned by Mrs. Smith and sold to the defendant at
a tax sale. Judgment entered to conform with an
open court stipulation between the parties. De-
fendant appeals. Affirmed.

Legal Aid Society of Calhoun County (by *Wil-
liam L. Coash),* for plaintiff.

*Wayne A. Rosenbaum, in propria persona.*

Before: BASHARA, P. J., and ALLEN and C. J.
HOEHN,* JJ.

C. J. HOEHN, J. In this case, defendant attempts
to escape the effect of a stipulation entered into
with plaintiff in open court.

The court approved the agreement with the
understanding that the proposed judgment would
be prepared by plaintiff and submitted to defend-
ant. If the judgment conformed to the agreement,
defendant was to affix his name and judgment
would be entered.

Defendant refused to sign the judgment which

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

conformed to the court stipulation. His reason was he believed plaintiff would be unable to pay the amount due under the proposed judgment.

On appeal, he also asserts that he was mistaken in the amount he was to receive under the stipulation.

The trial court held the open court stipulation binding and entered judgment.

Defendant appeals.

The issue restated should be: When is a recorded stipulation made in open court binding upon the parties to the stipulation?

The court rule governing the situation reads as follows:

GCR 1963, 507.9 "Agreements to be in Writing. No private agreement or consent between the parties to a cause, or their attorneys respecting the proceedings in a cause which is *denied* by either party, is binding, *unless* the same has been made *in open court,* or unless evidence thereof is in writing subscribed by the party or his attorney against whom the same is alleged." (Emphasis added.)

The rule is nearly identical to Circuit Court Rule 4, which was in effect in 1928.

No claim is made by the defendant that the consent judgment did not contain the stipulation as it was expressed *in open court.* Defendant does not *deny the stipulation* as required by GCR 1963, 507.9. Instead he relies on the claim that in his belief, plaintiff will not be able to carry out her part of the stipulated judgment.

While the Supreme Court of Michigan has addressed itself to this problem many times, the Michigan Court of Appeals has addressed itself to it but twice, and then with divergent results.

In the case of *Collins v Searight-Downs Mfg Co,*

245 Mich 41; 222 NW 84 (1928), the case had been set for trial. After negotiating, the parties placed the stipulation on the record with final decision to be made the following Monday. On the following Monday, defendant, having hired a new attorney, attempted to repudiate the stipulation. The Court said:

"When a settlement was arrived at, it might have taken the form of a decree of the court or an agreement embodying its terms, signed by the parties. The latter course was attempted, but, owing to the change of attorneys by the defendants, it was not consummated. Compromises of pending controversies are favored by the courts (*Hull v Swarthout,* 29 Mich 249 [1874]), and will not be disturbed 'unless on satisfactory evidence of mistake, fraud or unconscionable advantage.' *Prichard v Sharp,* 51 Mich 432 [16 NW 798 (1883)].

"No claim is made that the decree does not embody the terms of settlement as agreed upon and stated in open court. The fact that it was so stated clearly indicates that the parties were not thereafter to carry out a private agreement made between themselves, but that it should be taken cognizance of by the court and enforced by it if necessary." 245 Mich at 44.

The Court upheld the validity of a stipulated agreement entered on the records of the court even though plaintiff contended that she did not understand the stipulation. *Dutrowska v Landolfo,* 255 Mich 377, 379; 238 NW 207 (1931), *Powell v Martone,* 322 Mich 441, 445; 33 NW2d 914 (1948), *Kelly v Heinzelman,* 311 Mich 474, 481; 18 NW2d 899 (1945), *Jackson v Wayne Circuit Judge,* 341 Mich 55, 60; 67 NW2d 471 (1954).

In *Wagner v Myers,* 355 Mich 62, 68; 93 NW2d 914 (1959), where a mistake in fact existed as to the contents of the stipulation, and plaintiff's error was set forth by her on the record at the time that

the stipulation was entered into, the Court in discussing the quantum of proof necessary to demonstrate error in a court recorded stipulation said:

"The litigant who so asserts to a stipulation freely entered into in open court carries a heavy burden of persuasion. Every presumption of judicial care, of professional competence, and of decretal stability is against the overthrow, in the appellate court, of such stipulation and of orders and decrees based thereon."

The Court of Appeals first addressed itself to this problem in *Pedder v Kalish,* 26 Mich App 655, 657; 182 NW2d 739 (1970), where a settlement was made with a consent judgment to follow. Defendants moved to void the agreement on the grounds that they "exercised their right not to perform under this agreement". The trial court refused to enter a consent judgment based on the stipulation because of the defendant's change of consent. The Court of Appeals reversed and remanded for entry of judgment and in doing so, said:

"We cannot agree that litigants are free to disregard a settlement agreement knowingly entered into on the court record and, as to which, mistake, fraud or unconscionable advantage is not claimed.
" 'A valid compromise and settlement is final, conclusive, and binding upon the parties; it is as binding as any contract the parties could make, and as binding as if its terms were embodied in a judgment; and, regardless of what the actual merits of the antecedent claim may have been, they will not afterward be inquired into and examined.' 15 Am Jur 2d, Compromise and Settlement, § 21, p 956."

The Court then goes on to cite with approval the *Prichard, supra,* line of cases.

In the case of *Norton Shores v Carr,* 59 Mich

App 561; 229 NW2d 848 (1975), the Court of Appeals proceeding on the erroneous assumption that it was treading virgin ground with no signpost to guide (other than those of sister states), took a wrong turn in the trail.

As a matter of public policy, it is extremely difficult to find any rationale for permitting a litigant to eschew a bargain knowingly made in open court, on the record of the court, and with the intent that the court and opposite party should rely thereon. The results of the *Norton Shores* doctrine would make the life of a trial judge extremely difficult. A great many, if not most, settlements are arrived at on the day of joust, when the jury is in attendance and the judge is waiting with instructions hopefully prepared. The attorneys then must be able to rely upon the knowledge that any stipulated agreement that they make will be final and binding on both parties. Otherwise, it will be extremely difficult to arrive at settlement, since the prepared litigant may not be willing to lose his day in court and be placed at the bottom of a ladder which may take him two years to climb.

It is important that parties be able to settle cases fairly and finally on the record, and such settlements should not be upset because of any subjective hesitation or secret reservation on the part of either party.

In the instant case, plaintiff came to court ready for trial. Her witnesses were there. Defendant came to court unprepared, not ready for trial. He had no witnesses.

All of the reasons cited by defendant to the trial court for backing out of his agreement were clearly and concisely answered in the stipulation. There was no claim of mistake, fraud or unconscio-

nable advantage as required by *Jackson, supra.* Neither is there the overwhelming proof of error required by *Wagner, supra.*

Defendant's claim that he believed the oral stipulation which would pay him $5,500 actually meant that he would receive $9,131.38 is beyond belief. This matter not being raised in the trial court, will not be considered for the first time on appeal. In any event, a unilateral mistake of fact, unsupported by the record, does not vitiate an in-court, on-the-record stipulation any more than it does a written contract. *Wagner v Meyers, supra.*

The judgment of the trial court is affirmed.

Costs to plaintiff.