EVERETTE H. COVILLE v. DANIEL D. BENTLEY, LOUIS
GROH, AND JOSEPH ANDERSON.

*Officers—Bond of indemnity — Neglect to make levy on execution—
Exemption.*

1. An officer, although indemnified, is not bound to levy, if in *good
   faith* he believes such levy would be illegal, and can maintain its
   illegality when sued upon his bond.[1]

   So *held*, where after receiving a bond of indemnity a constable
   levied upon certain attached property in his possession, which he
   returned to the judgment debtors on demand. on the ground
   that it was exempt under the statute, and in a suit upon his offi-
   cial bond the jury found the fact of such exemption.

2. The defense that there was no property to be found liable to seiz-
   ure belonging to the judgment debtor is always open to an offi-
   cer, whether indemnified or not, and is a good excuse for a
   refusal or neglect to make a levy.

3. In a suit involving the claim of a father and daughter to an
   exemption of $500 worth of goods, as copartners, under the stat-
   ute, it is error for the court to direct counsel not to argue to the
   jury that the principal business of the father was that of a car-
   penter, as there was no evidence that he owned tools of the stat-
   utory value, the testimony tending to show that he worked more
   or less at said trade, which had been his principal business for
   several years, and that he had a few tools, and worked by the
   day, while his daughter carried on the store; the counsel having
   a right to go to the jury upon the theory of a *single* exemption,
   and the value of the father's tools being immaterial to the issue.

Error to Wayne. (Reilly, J.) Argued June 27, 1889.
Decided July 11, 1889.

*Assumpsit* upon a constable's bond under How. Stat. §
6988. Plaintiff brings error. Reversed. The facts, and
points of counsel *passed* upon by the Court, are stated in the
opinion.

---

[1] See *People v. Clements*, 68 Mich. 655.

*James H. McDonald,* for appellant.

*Walter Barlow,* for defendants.

MORSE, J. This is an action brought upon a constable's bond, under section 6988, How. Stat.

The plaintiff in this suit, on the fifth day of December, 1885, began an attachment suit against Daniel S. Hibbard and Carrie V. Hibbard. The writ was placed in the hands of the defendant Bentley, who was a constable in the township of Monguagon, Wayne county.

Under the writ Bentley levied upon certain goods belonging to the Hibbards, and held them by virtue of the same until judgment was rendered in the attachment suit. Execution was issued on the judgment, and put in the hands of Bentley, who levied on the same goods under such execution. Before Bentley made the last levy he demanded a bond of indemnity from plaintiff, which was given, as plaintiff testifies, upon the express condition that Bentley would go on and make the levy. After Bentley made the levy under the execution, he advertised the goods for sale. He postponed the day of sale twice, and finally returned the goods to the Hibbards, against the protest and without the consent of plaintiff.

It appeared on the trial of this case in the court below that Carrie V. Hibbard carried on a millinery store, and the goods levied upon and afterwards surrendered up to her by the constable, Bentley, were millinery goods. The defendants gave evidence, under plaintiff's objection, that Daniel S. Hibbard was the father of Carrie V., and in partnership with her in business, and that the goods belonged to their stock in trade, and was all they had, and not over $300 in value, and therefore exempt.

The constable testified that he returned the goods on demand, because he found they were exempt.

The court instructed the jury that if the Hibbards were in copartnership, and these goods were not worth over $500, and

were their stock in trade, they would be exempt, and the plaintiff could not recover; if the jury did not find these facts the plaintiff was entitled to a verdict. The jury found for the defendants.

It is contended by plaintiff's counsel that the defendant Bentley, having demanded and obtained from the plaintiff a bond of idemnity, was thereby estopped in this suit from making the defense that the goods were exempt. In other words, that Bentley was bound to proceed to levy and sale of these goods, even if he knew they were exempt, or else, under the statute, pay to the plaintiff the amount of the judgment, and interest, against the Hibbards.

We do not think this contention correct. If the goods levied upon were exempt, it could have been of no benefit to plaintiff to sell them under the execution, as the sale would have been void, and those participating in it trespassers. Nor was the defendant Bentley, because he had demanded and received a bond of indemnity, bound thereby to commit a trespass, and subject himself to damages.

An officer, although imdemnified, is not bound to levy, if in good faith he believes such levy would be illegal, and can maintain its illegality when sued upon his bond. The defense that there was no property to be found liable to seizure, of the judgment debtor named in the execution, is always open to the officer, whether idemnified or not, and is a good excuse in an action for refusal or neglect to levy.

But the court erred in stating to counsel that—

" They need not argue to this jury that Hibbard's principal business was that of a carpenter, as there is no evidence that he had any tools of the value of $250."

There was testimony tending to show that Daniel S. Hibbard was a carpenter, and worked more or less at his trade as such; that Miss Hibbard did all the work in the store; and that her father was away at work at his trade when he could get work; and that his principal business for many years

had been that of a carpenter; that he had a few tools, and worked by the day. The value of the tools was not shown, nor do we think it was material.

The counsel had the right to go to the jury upon the theory that his principal business was that of a carpenter, and to establish such fact, if he could. If so, only $250 of the millinery goods would have been exempt, to wit, the exemption of Miss Hibbard, no matter what his tools or stock in trade as a carpenter was worth.

The judgment of the court below is therefore reversed, and a new trial granted, with costs.

The other Justices concurred.