THE STATE at the relation and to the use of ELMER J. BRUBAKER, Appellant, v. MARTIN TUCKER et al.

### Division One, March 5, 1921.

1. **EXECUTION: Levy on Real Estate of Third Person: Release by Sheriff: Suit on Bond: Judgment on Pleadings.** In a suit on a sheriff's bond under Section 2240, Revised Statutes 1909, for refusal to sell real estate levied upon as the property of the execution defendant, where it is admitted in the pleadings that the execution defendant had no interest in the property levied upon, the defendants are entitled to judgment upon the pleadings.

2. ———: ———: ———: **Creditor's Control: Sheriff's Liability.** The execution creditor's control of an execution is not absolute, as he cannot require the officer to levy upon property of a third person. But if he directs the officer to levy upon real estate as that of the execution debtor and he refuses to do so, or refuses to sell after making such a levy, then the officer assumes the risk of having to pay the execution debt unless he can show that the execution debtor had no interest subject to execution in such real estate.

3. ———: ———: ———: **Fraudulent Deed: Pleading.** A deed made to defraud creditors is, under Section 2887, Revised Statutes

1909, "clearly and utterly void" and conveys nothing at all; and when a pleading asserts title based on such a deed, a general denial in reply is all that is required to enable plaintiff to introduce evidence of the fraudulent character of such deed.

4. ———: ———: ———: Irrelevant Matters: **Value of Land: Good Faith of Sheriff.** In this case, inasmuch as the pleadings admitted that the execution debtor had no interest in the real estate levied upon subject to execution, the value of the land and the good faith of the sheriff in releasing the levy are wholly irrelevant matters.

Appeal from Cooper Circuit Court.—*Hon. J. G. Slate,*
Judge.

AFFIRMED.

*William F. Johnson, W. V. Draffen* and *John Cosgrove* for appellant.

(1) · The execution was in due form. It was issued on the judgment of a court that had jurisdiction over the · parties, plaintiff and defendant, and of· the subject-matter of the litigation. The sheriff had only to look at the command of the writ. Brown v. Henderson, 1 Mo. 94; Sate v. Miller, 110 Mo. App. 542; State ex rel. v. O'Neil, 151. Mo. 67; Owl's Nest v. Haines, 176 S. W. 513; Melcher v. Scruggs, 72 Mo. 411. (2) The sheriff and the sureties on his bond were liable for the amount of money called for in the execution on account of the refusal of the sheriff to sell the real estate described in the notice of sale and levied upon under execution. His failure to make the sale was a breach of his bond. Sec. 2240, R. S. 1909; State ex rel. O'Bryan v. Koontz, 83 Mo. 323; Douglas v. Baker, 9 Mo. 40; State ex rel. Nolte, 217 S. W. 541; State ex rel. v. Nolten, 203 S. W. 956. (3) The property levied upon and advertised for sale was real estate. No indemnity was demanded by the sheriff to protect him against damages in the event he sold said land. That question, therefore, is not in this case. Our understanding of the law is that the officer is not entitled to be indemnified against the sale of real estate under

an execution which is regular on its face. State ex rel. O'Bryan v. Koontz, 83 Mo. 323. (4) A judgment creditor has the option of first bringing a suit in equity to set aside a deed made by the debtor and alleged to be fraudulent, or he may have said land advertised for sale and the purchaser may then proceed to have said conveyance adjudged to be fraudulent. This has been the rule in this State for a long time and no attempt has been made, as far as we know, to modify or change the rule. Lionberger v. Baker, 88 Mo. 447; Johnson v. United Railways, 247 Mo. 356; Littick v. Means, 195 S. W. 729; Goldham v. Wade, 200 S. W. 1053.

*Pendleton & Pendleton* and *Lamm, Bohling & Lamm* for respondents.

(1) Since the petition does not directly or impliedly allege that the execution debtor owned any interest in the real estate, it does not state facts sufficient to constitute a cause of action. (a) Plaintiff seeks to recover, under a highly penal statute, the penalty imposed by Sec. 2240, R. S. 1909, upon an officer who neglects or refuses to sell, "according to law," property levied upon under an execution. Such being the case plaintiff in his petition must bring himself clearly within the very terms of the statute. He cannot be helped out by intendment. Every fact essential to a recovery must be affirmatively pleaded. Commission Co. v. Tel. Co., 180 Mo. App. 631; Plymell v. Meadows, 170 Mo. App. 39-40; State ex rel. v. Railroad, 105 Mo. App. 211; Rixke v. Western Union, 96 Mo. App. 410; State ex rel. v. Railroad, 83 Mo. 148. (b) The petition alleged a failure and refusal of the sheriff to sell certain land levied upon under execution, but there was no allegation that the execution debtor owned the land, or that any person was seized to his use, or that he had an interest in the real estate subject to levy and sale under the execution. This was a necessary allegation to make a good petition. R. S. 1909, secs. 2172, 2192, 2173, 2240. (c) The defect in the petition

of not stating a cause of action can be raised at any time or in any court. Hudson v. Cahoon, 193 Mo. 558. (2) Since the answer affirmatively sets up ownership by another and no interest at all in the execution debtor, thus raising a vital issue of fact, and since the reply does not traverse those allegations of the answer, they hence stand admitted and it follows as a matter of law that we were entitled to judgment on the very pleadings as they stand. (3) As Section 2240 is a highly penal statute, the correct rule of construction is that it must not be regarded as including anything which is not clearly and intelligently described in its very words, as well as manifestly intended by the Legislature, and if the matter is in doubt the statute cannot be made to cover it. Riske v. Western Union, 96 Mo. App. 410; State ex rel. v. Railroad 105 Mo. App. 211-13; Wood v. Telegraph Co., 59 Mo. App. 239.; State ex rel. v. Wabash, 83 Mo. 148; State v. Kooch, 202 Mo. 234. All the statutes relating to the same subject-matter must be construed together so as to make the law a symmetrical whole and construed with common sense and reason and so as not to lead to oppression or absurdity, the presumption being that the law-mker did not intend such anomalous result. The judge must seek for the soul and sense of the law to get at the legislative intent. State ex rel. v. Railroad, 105 Mo. App. 213; Keeney v. McCoy, 206 Mo. 65; Hegberg v. Railroad, 164 Mo. App. 555; State ex rel. v. Trustees, 234 Mo. 313; Ettison v. Railroad, 248 Mo. 419; Dudley v. Clark, 255 Mo. 586; St. Louis v. College, 258 Mo. 552; Fusz v. Spaunhorst, 67 Mo. 256; Lumber Co. v. Railroad, 216 Mo. 672. (4) On uncontradicted evidence the execution debtor was shown not to have any interest subject to sale in the real estate in question. Without waiving any right to complain of the fatal insufficiency of the petition to state a cause of action, the defendant bondsmen and sheriff took, by their answer and the proof, the burden of showing, and did show by uncontested proof, that the execution debtor

was not seized, nor was any person to his use seized, of the land in law or equity. It belonged to Mrs. Bidstrup out-and-out. In the first place, prior to the deed to her, the tenancy of herself and husband was by the entirety, and, while that condition lasted, it was, hence, not subject to sale on execution for his debts. Wilson v. Frost, 186 Mo. 311; Frost v. Frost, 200 Mo. 474; Brewing Co. v. Saxey, 201 S. W. 67. (b) In the next place, the undisputed evidence shows a homestead in the land at the time of the conveyance to Mrs. Bidstrup; and it is common learning that the homestead interest may be conveyed without regard to existing judgments, debts or creditors; for the homestead is forbidden fruit to the creditor. He may not take or eat thereof. Nor could it be sold under execution without setting off the homestead. Harte v. Leete, 104 Mo. 336; Kendall v. Powers, 96 Mo. 142; Gorman v. Hale, 109 Mo. App. 176. (c) Conveyance to the wife, even if intentionally made to defeat creditor, is not fraudulent. Vogler v. Montgomery, 54 Mo. 577; Davis v. Land, 88 Mo. 436; Pococke v. Peterson, 256 Mo. 501; Guiman v. Donnell, 201 Mo. 212. (5) The right doctrine is that an officer has no right to sell on execution against A (the execution debtor) the property of B (a stranger to the judgment and execution) and that it is a valid and complete defense for him and his bondsmen to show when sued for releasing a levy or refusal to sell, that the execution debtor had no interest in the property released. (a) This is a case simply of releasing a levy and refusing to sell and in such cases as that it is a good defense to show that the property did not belong to the execution or attachment debtor. Heath v. Daggett, 27 Mo. 72; State ex rel. v. Koontz, 83 Mo. 331; Stephenson v. Judy, 49 Mo. 229; Kiskaddon v. Jones, 63 Mo. 192; Taylor v. Wimer, 30 Mo. 129-30; Metzner v. Graham, 66 Mo. 660; R. S. 1909, secs. 2173, 2192; Canada v. Southwick, 33 Mass. 558; Sawyer v. Mason, 19 Me. 512; Jordan v. Gallop, 16 Conn. 535; Murfree on Sheriffs, sec. 947; Smith

v. Perry, 18 Tex. 510; State ex rel. v. Nolte, 223 S. W. 408. (6) Sec. 2240, R. S. 1909, when correctly construed, in connection with cognate statutes does not impose the penalty therein prescribed upon an officer, who, through an error of judgment and without any wrongful intent on his part (as here) fails to execute the writ delivered to him. In such cases he is only liable for the actual damages suffered by the party who claims to be injured. State ex rel. v. Nolte, 223 S. W. 408; Nash v Muldoon, 16 Nev. 404; Johnson v. Graham, 6 Cal. 195; McMahon v. Hall, 36 Tex. 59; Crooker v. Melick, 18 Nev. 227; Swenson v. Christoropherson, 10 S. D. 188; Shufeldt v. Barlass, 33 Nev. 785. (7) The sheriff, if he had sold, would have been subject to a suit for damages for casting a wrongful cloud on Mrs. Bidstrup's title. State ex rel. v. Dickman, 124 Mo. App. 660; Harrington v. Utterback, 57 Mo. 519; Henman v. Westheimer, 110 Mo. App. 191.

RAGLAND, C.—Defendant Tucker, at the times of the happening of the events hereinafter referred to, was the Sheriff of Cooper County. His co-defendants are the sureties on his official bond. On December 14, 1917, relator caused a general execution in regular form to issue out of the office of the Clerk of the Circuit Court of Cooper County, upon a judgment that he had theretofore obtained in that court against one Bruce I. Bidstrup, directed to the defendant Tucker, as such sheriff. Upon receipt of the execution Tucker levied the same upon certain real estate in Cooper County and advertised it for sale. Thereafter he declared the sale off and released the levy. In this suit relator seeks to recover, under Section 2240, Revised Statutes 1909, the full amount of the execution because of the sheriff's refusal to sell the property levied upon.

The petition, after alleging the execution of the bond, the obtention of the judgment against Bidstrup, and the issuance and delivery to the sheriff of the execution thereon, proceeds as follows:

"The plaintiff further states that at the time of delivery of said execution to the said defendant, Martin Tucker, he did, in obedience to the command of said writ, levy upon the following described real estate as the property of the said Bruce I. Bidstrup, to-wit: [Here follows the description.]

"That said defendant, Martin Tucker, as such sheriff advertised said property for sale in the Boonville Advertiser, a newspaper published and circulated in the County of Cooper, Missouri, which said sale was to have taken place according to the terms of said notice on the 31st day of January, 1918, during the sitting of the Circuit Court of Cooper County, but plaintiff states that the said defendant, Martin Tucker, in violation of the conditions of the said bond and his duty as such sheriff and the command of said writ, unlawfully failed, refused and neglected to make such sale as he advertised and was required to do, and to have the money arising from said sale before the court on the return day of said writ, and to pay the same according to the exigency thereof;

"Plaintiff therefore states that the failure of the defendant, Martin Tucker, sheriff as aforesaid, to make said sale of said land so levied upon and advertised for sale by him was a breach of his said bond."

The answer admits the execution of the bond sued on, the recovery of the judgment by relator and the issuance of the execution and its delivery to the defendant Tucker. It then proceeds in part as follows:

"Defendants aver a levy was made upon said property some time after the delivery of the execution, to-wit, on the 26th day of December, 1917, but they allege that it was not made in obedience to the command of the execution, but was inadvertently and wrongfully made, at the direction and procurement of relator herein, in this, to-wit, that the *command* of the execution was to make the judgment of the goods, and chattels, lands, and tenements of the said Bruce I. Bidstrup,

whereas these defendants aver that the said lands, described in the petition in this cause and in said levy so procured to be made by relator, were not the lands and tenements of said Bidstrup, the execution defendant, but were the lands and tenements of another person, to-wit, of the wife of said Bidstrup; . . . (defendants) aver he (Bruce I. Bidstrup) had no interest whatever therein subject to seizure or sale under execution against him. . . .

"And further answering, these defendants say that they and neither of them have any knowledge or information sufficient to form a belief as to whether or not said property so levied upon was of the value of $10,000, as alleged, but they aver the value of the interest of the said Bruce I. Bidstrup therein was nothing at all. . . .

"Defendants in this connection further allege, that said sheriff after making said levy and advertisement, on the procurement and at the instance of plaintiff, as aforesaid, for the first time (and before a sale) was made aware of the fact that the execution debtor, said Bruce I. Bidstrup, did not own said real estate or any interest therein, and that the same was not real estate whereof said Bruce I. Bidstrup, or any person for his use, was seized in law or equity, and on being informed of said fact, and now here pleading the same as a full defense, he, acting in good faith and on the advice of his legal adviser, as sheriff released said levy as aforesaid, and declined to make the sale and returns the execution unsatisfied."

The reply so far as pertinent to questions raised on the pleadings is as follows:

"Plaintiff denies that the defendant Martin Tucker did not make the levy on the land referred to in the petition and the answer, in obedience to the command of the execution against Bruce I. Bidstrup defendant therein, and the plaintiff denies that the defendant Martin Tucker had any right or authority to determine

for himself who was the owner in law or in equity of the land levied upon by him under said execution and plaintiff denies that the said Martin Tucker did not violate the conditions of his bond by determining the judicial question as to who was the owner in law or in equity of the real estate he levied upon and advertised for sale, and that his release of said property and his refusal to sell same as he had advertised to do were not breaches of said bond; and plaintiff denies that his refusal to sell same was a matter for him to determine except at his own risk and his codefendants,' and plaintiff denies that said Martin Tucker faithfully discharged his duties as Sheriff of Cooper County in refusing to make said sale, and denies that said refusal was not a breach of the conditions of his official bond.

"Plaintiff denies that the said Martin Tucker did not know before he made said levy that Bruce I. Bidstrup claimed he was not the owner of the real estate described in the notice of sale published by him, and plaintiff further denies that said Martin Tucker acted in good faith; but on the contrary he acted in bad faith, and did not take independent and disinterested legal advice; that if he took any advice, it was from attorneys who represented either Bruce I. Bidstrup and his wife, or one of them; that the said Martin Tucker was advised by the relator's attorney that it was not for him to determine whether he should make such sale or not; that that was a question that could be decided by the courts only; and said Martin Tucker was also advised that if said Bruce I. Bidstrup did not own said real estate that said sale would convey no title to the purchaser or purchasers."

The case was tried by the court without a jury. Before the introduction of any evidence, and in the course of the opening statement by plaintiff's counsel, this was said:

"Under the law we have two remedies. First, to levy upon the property that we point out to the sheriff;

make the levy, advertise and sell. Next, bring a suit to 'set aside the deed conveying the property to the party who holds it in name. Those are the two remedies recognized by the law. That is all I want to state about that. Now, we have chosen this remedy. Next, we are not contending here, nor is it involved in this case, the title to this land, because had we expected to pursue that remedy we would have started that in the first instance, to determine the title of this property by proper legal procedure. We are standing upon the statute and the law as interpreted by the courts, that the sheriff having failed to sell this property according to the law, we claim the penalty of the bond. It is not our intention, is it, Mr. Cosgrove, to go into the title?

"MR. COSGROVE: We can't go into that at all."

Plaintiff introduced evidence tending to show the issuance of the execution and its delivery to the sheriff, the sheriff's levy on the land described in the petition, his publication of a notice of sale, his subsequent refusal to sell and his lack of good faith in connection therewith. Plaintiff's evidence tended to further show that the land was worth from ten to twelve thousand dollars.

Defendant's evidence tended to show: In February, 1910, Bruce I. Bidstrup and his wife, Lillian B., owned by the entirety 219 acres of land in Cooper County, eighty acres of which had been given Mrs. Bidstrup by her father. On that date and before the institution of the suit that resulted in the judgment against Bidstrup, he and his wife sold the 219 acres for $13,200. Of this amount about $7000 was used to pay the personal debts of Bidstrup, and $6000 was used to purchase the land that gives rise to this controversy. This land was bought of one Eichelberger and he by deed, dated February 7, 1910, conveyed the same to Bruce I. Bidstrup and Lillian B. Bidstrup. In May, 1910, Bidstrup and wife gave a deed of trust on the land to secure $3000 borrowed by him to meet his own personal liabilities; in December, 1911, he borrowed for his own use an ad-

ditional $1000 and they gave another deed of trust. In December, 1915, after the lien of relator's judgment had expired, Bidstrup conveyed, through a conduit, all of his interest in the land to his wife, she assuming and agreeing to pay the encumbrances. Defendant's evidence also tended to show that the land was worth not exceeding $7,500, and further, that the sheriff in good faith released the levy because he concluded that Bidstrup had no interest in it subject to execution.

Plaintiff objected to all the evidence offered by defendants for the purpose of showing the title to the land levied upon to be in Mrs. Bidstrup, on the ground that such title was not involved in the case. In rebuttal plaintiff introduced some further testimony in support of its contentions as to the value of the land and the sheriff's bad faith in refusing to sell it.

At the conclusion of the evidence plaintiff tendered declarations of law which, in effect, declared that on the pleadings and evidence the plaintiff was entitled to recover. They were refused by the court and one of like import given on behalf of defendant. Other declarations of law were given at the instance of defendants, but these need not concern us. If the mandatory one was properly given, the judgment should be affirmed; otherwise it will have to be reversed.

From a judgment for defendants plaintiff appeals.

I. Appellant claims that it was entitled to judgment on the pleadings; respondents make a like claim. Upon that ground each asked a peremptory instruction. No elaborate analysis of the pleadings is required to disclose the substance of their controversy. The pith of the matter is this: Plaintiff in its petition alleges that at the time of delivery of the execution to the defendant, Martin Tucker, he did in obedience to the command of the writ levy upon certain real estate *as the property of the said Bruce I. Bidstrup,* and there-

*Judgment on Pleadings: Suit on Sheriff's Bond.*

after refused to sell it. Defendants in their answer, in response to this allegation, in effect say: "Yes, we admit that the sheriff did levy upon said real estate *as the property of Bruce I. Bidstrup,* but in truth and in fact it was *not* the property of Bruce I. Bidstrup, but that of Lillian B. Bidstrup; that as soon as the sheriff discovered that fact, acting in good faith, he released the levy and refused to sell it; and we plead the fact that Bruce I. Bidstrup had no interest in said real estate subject to the execution as a complete defense herein." Plaintiff in reply neither admits nor denies the averment that Bruce I. Bidstrup had no interest in the real estate, but says, in substance, that such fact, if a fact, constitutes no defense to this action; that it was not for the sheriff to determine whose property it was; it was his duty to sell it and let the courts settle questions of title. The reply was in effect a demurrer to that part of the answer averring that Bruce I. Bidstrup had no interest in the real estate subject to the writ. That he had no such interest, therefore, stands admitted on the pleadings. This is not a strained construction of the pleadings, but comports entirely with the legal theory of appellant's counsel, as disclosed both by the record of the trial and by their brief and argument in this court. They accepted battle on but two issues of fact; the value of the land and the good faith of the sheriff in refusing to sell after he had made the levy.

The gravamen of the cause of action pleaded is the failure of the sheriff to sell the real estate after he had levied upon it. The statute (Sec. 2240, R. S. 1909; now Sec. 1671, R. S. 1919) provides: "If any officer to whom any execution shall be delivered . . . shall take in execution any property . . . and he shall neglect or refuse to make sale of the property so taken . . . according to law, such officer shall be liable and bound to pay the whole amount specified in the writ."

This statutory command to sell according to law presupposes that the property taken in execution is subject to the writ; otherwise, it could not be sold according to law. If an officer through misapprehension levies upon the property of a stranger to the writ, or upon property of defendant which is exempt from execution, he certainly is not required by the statute, upon discovery of the fact, to commit the additional wrong of selling it. It does not require any acuteness of intellect or conscience to reach the conclusion that the only thing for him to do under such circumstances is to release the property from the levy. In this connection it should be borne in mind that we are not considering what course the officer having the writ should pursue in a case where property has been levied upon as that of the judgment debtor, but which is claimed by a third party and that claim controverted by the judgment creditor. In this case it is admitted by the pleadings that the person against whose property the writ was directed had no interest at all in the property levied upon and that fact completely exonerates the officer from any liability for refusing to sell it.

II. Appellant's learned counsel no doubt do not disagree with the proposition, abstractly considered, that an officer is not required to levy an execution upon property not subject to the writ, or, if he does so levy through mistake, he may release the property without incurring liability. They contend that there is no such question in this case. Their position, if we understand it, is this: A judgment creditor is entitled under the law, if he so elects, to cause an execution to be issued upon his judgment and to be levied upon lands that he deems to have been fraudulently conveyed by his debtor, and cause the same to be sold and himself become the purchaser at such sale, and upon receiving a sheriff's deed to then bring suit in equity to set aside the fraudulent deed as a cloud upon his title; and in such

*Execution Creditor: Right to Control Levy.*

case the officer charged with the execution of the writ it bound to levy upon and sell such lands as the judgment creditor points out, otherwise the latter would be deprived of the remedy. That the judgment creditor has a right to pursue the method pointed out by appellant is not an open question; yet, the right is not so absolute that it overrides all other principles of the law. As contended for by appellant, it implies an absolute control of the writ of execution by the judgment creditor. Generally speaking he is entitled to control it; but he cannot require the officer to do an unlawful act, or one not authorized by the command of the writ. For example upon an execution against A, he cannot require the officer to seize the property of B. But appellant says that questions with respect to title are judicial questions and ones that cannot be determined by the officer having the writ. In a proper proceeding they may become judicial questions, but when a sheriff, having an execution against A, is directed to levy upon property claimed by B, the question of whose property it is, becomes to him a very urgent and practical one. If the property in such case is real estate and no indemnifying bond can be demanded, there is little doubt but that the safer course for the sheriff to pursue is to follow the directions of the judgment creditor. However, if he has the hardihood to assert that the judgment debtor has no interest in the property and *proves* it when sued for a failure to levy or sell, that is the end of the matter. [State v. Koontz, 83 Mo. 323, 331; Coville v. Bentley, 76 Mich. 248, 250; Swan v. Gilbert, 67 Ill. App. 236, 245.] On the other hand, if he fails in his proof, he and his sureties may be mulcted to the extent of the amount specified in the writ. The crux of the matter, therefore, is this: The sheriff, if he have a liking for such undertaking, may, at the risk of having to pay the execution debt himself if he fails, voluntarily assume the burden of showing that the judgment debtor has no interest subject to execution in the real estate

upon which he is directed to levy. Whether from the standpoint of himself and his sureties such action is wise, is another question.

III. The issue tendered by the answer, respecting the title to the land levied upon did not, as intimated by appellant's counsel during the course of the trial, involve questions solely of equitable cognizance. If the conveyance from Bidstrup to his wife was made with intent to defraud creditors, it was as to **Fraudulent** them "clearly and utterly void" (Sec. 2887, **Deed: Void:** **Pleading.** R. S. 1909); as against them it did not convey even the legal title—it conveyed nothing at all. It would not have been necessary, therefore, for the plaintiff, in response to the averments of the answer that the land was Mrs. Bidstrup's and Bidstrup had no interest therein, to have pleaded in reply such matters as would have been necessary in a bill in equity to set aside the conveyance on the ground of fraud; a simple traverse of those averments would have effected a joinder of the issue of title or no title in Bidstrup, and under the issue so joined all evidence touching the alleged fraudulent character of the conveyance would have been admissible. [Littick v. Means, 195 S. W. 729, 730; Slattery v. Jones, 96 Mo. 216; Snell v. Harrison, 104 Mo. l. c. 188, 189.]

IV. Had it been determined, under issues properly framed, that Bidstrup had an interest in the land levied upon subject to execution, the value of that interest and the good faith of the sheriff in releasing the **Irrelevant** levy would have been factors in determining **Matter.** the amount of damages recoverable by relator; in view of the admissions made by the pleadings, however, those matters are wholly irrelevant. [State ex rel. Nolte v. Reynolds, 223 S. W. 408.]

It follows from the views herein expressed that the judgment of the trial court should be affirmed. It is so ordered. *Brown* and *Small, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAG-
LAND, C., is adopted as the opinion of the court. All of
the judges concur, except *Elder, J.,* not sitting.