### DEHAAN *v.* DEHAAN.

1. DIVORCE—FRAUD UPON COURT—FAILURE TO DISCLOSE PREGNANCY.
   Decree of divorce to plaintiff wife was properly set aside for fraud perpetrated upon the court, where it clearly appears that at time of the hearing on divorce and entry of decree she was pregnant by a man other than her husband.

2. SAME—COSTS—FRAUD UPON COURT.
   No costs are allowed upon affirmance of order vacating decree of divorce to wife for fraud perpetrated by her upon the court.

Appeal from Muskegon; Fox (Noel P.), J. Submitted January 9, 1957. (Docket No. 23, Calendar No. 46,977.) Decided April 22, 1957.

Bill by Greta DeHaan against Harold DeHaan upon which a decree of divorce was granted. On defendant's petition decree was set aside. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 470.
[2] 17 Am Jur, Divorce and Separation §§ 580, 581.

*Joseph B. Legatz,* for plaintiff.

*Harold DeHaan, in propria persona.*

DETHMERS, C. J.     Plaintiff appeals from an order of the circuit court vacating and setting aside its earlier decree of divorce.

At the hearing on divorce, on February 7, 1955, plaintiff testified that she had not cohabited with defendant husband since their separation on April 18, 1954. She was granted an interlocutory decree of divorce on the date of that hearing. On June 9, 1955, she filed a petition for and obtained a modification of the decree, eliminating its prohibition of remarriage within 6 months.

On July 29, 1955, defendant filed a petition to set aside the decree of divorce and the order modifying it on the ground that plaintiff had procured the decree through perpetration of a fraud on the court in that, at the time of hearing on divorce and entry of decree, she was, and concealed from the court the fact that she was, pregnant by a man other than defendant. At the hearing on his petition defendant introduced into evidence a certified copy of a record of birth disclosing that on July 19, 1955, plaintiff had given birth to a child, of which one George Ellis Taylor was the father, and a certified copy of the record of marriage of plaintiff and said Taylor on June 25, 1955.

Plaintiff contends on appeal that a fraud on the court was not affirmatively proved and that the court's finding thereof rested on presumption. We hold otherwise. The proofs affirmatively show that at the time of hearing on divorce and entry of decree plaintiff was pregnant by a man other than her husband. This she concealed from the court. We cannot say that, had we been in the position of the trial court, we would have made a finding of facts in that

respect other than the court ·did. On that basis the court properly found fraud warranting the entry of an order vacating and setting aside the decree of divorce. *Allen* v. *Allen,* 341 Mich 543; *Linn* v. *Linn,* 341 Mich 668.

Affirmed, without costs.

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.