REINARDY v. BRUZZESE.

1. Appeal and Error—Scope of Review—Supreme Court—Circuit Court—Common Pleas Court.

The review by the Supreme Court of judgment entered by the circuit court on appeal from the common pleas court is limited to the questions presented to the Supreme Court for determination notwithstanding other questions might have been presented.

2. Damages—Mitigation—Instructions—Request to Charge.

The party injured by the breach of contract must make every reasonable effort to minimize the damages suffered and the court, upon request, has the duty so to charge the jury.

3. Same—Mitigation of Damages—Burden of Proof.

A defendant in an action against him for damages for breach of contract has the burden of showing in mitigation of damages that plaintiff has not used every reasonable effort within his power so to minimize his damages.

4. Same—Mitigation—Burden of Proof—Pleading.

The circuit court properly found for plaintiff on issue of mitigation of damages for breach of service contract, where defendants had neither sustained, or even attempted to sustain, their burden of proof or even pleaded that plaintiff had not minimized the damages he had sustained by defendants' breach.

5. Contracts — Termination — Commencement of Action for Breach—Measure of Damages.

A plaintiff under 2-year contract for the rendition of services to defendants who was informed by them that he was not

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error §§ 702–705, 723–729.
[2] 15 Am Jur, Damages §§ 30–35, 382.
[3] 15 Am Jur, Damages §§ 30–35, 193, 331.
[4] 15 Am Jur, Damages §§ 324, 325, 331.
[5] 35 Am Jur, Master and Servant §§ 26, 54–57.

to work for them any longer when the contract had 59 weeks
yet to run was entitled to treat such breach as a complete
termination of the contract, bring his action immediately,
and recover for the entire term of employment.

Appeal from Wayne; Weideman (Carl M.), J.
Submitted November 5, 1962. (Docket No. 40, Calendar No. 49,710.) Decided December 31, 1962.

Assumpsit by Larry Reinardy, doing business as
Larry Reinardy, builder, against James Bruzzese
and Jo Ann Bruzzese for sums due on breach of service contract. Judgment for defendants in common
pleas court reversed in circuit court and judgment
entered for plaintiff. Defendants appeal. Affirmed.

*B. Ward Smith,* for plaintiff.

*Frank J. Sheets,* for defendants.

DETHMERS, J.  Plaintiff brought suit in the common pleas court for the city of Detroit for breach by
defendants of what the parties refer to as a service
contract. Under its provisions defendants employed
plaintiff for a term of 2 years and agreed to pay him
$50 per week. The contract was observed by both
parties for about 1 year, but when 59 weeks of the 2-
year term still remained, defendants informed plaintiff that he was not to work for them any longer and
that they could not afford to pay him anymore.

The trial court found for defendants on the
grounds (1) that plaintiff had failed to prove that
he had done anything to mitigate his damages and
(2) that suit was prematurely brought when the 2-
year term still had 7 months to run.

Plaintiff appealed to circuit court, stating as reasons and grounds of appeal that the trial court had

erred as to the law in holding as it did on the mentioned 2 points. Questions of law were thus presented on review for circuit court determination. It held contrary to the trial court on both points and, accordingly, reversed the judgment below and ordered judgment entered for plaintiff at the rate of $50 per week for 59 weeks, or a total of $2,950. From that defendants have appealed here.

Several questions might have been urged, including one as to the nature and legal significance of the so-called service agreement. As presented here, however, the only questions properly before us go to the correctness of the circuit court's decision of the 2 legal questions above noted. Reference is made to a preponderance of the evidence question, but defendants offer nothing on the subject warranting reversal here on that account.

Defendants' answer filed in this case did not allege plaintiff's ability or opportunity to mitigate his damages and failure to do so, nor did they offer any proofs to that effect. The burden in this connection was on the defendants, not on plaintiff.

"Defendant stresses in this connection plaintiff's duty to mitigate damages and defendant's right to credit for wages which plaintiff might reasonably be expected to earn in the future in other employment, complaining that this was disregarded by the jury. This claim in mitigation of damages was not pleaded by defendant nor did defendant support it by any offer of proofs. The burden of proof in this regard rested upon defendant. *Edgecomb* v. *Traverse City School District,* 341 Mich 106." *Ogden* v. *George F. Alger Co.,* 353 Mich 402, 408.

"The general rule as to the duty of an injured party seeking to recover damages for breach of contract to minimize his loss, and the burden of proof thereon, was stated in *Rich* v. *Daily Creamery Co.,* 296 Mich 270, 282 (134 ALR 232), as follows:

" 'There is no question but that it is a well-established rule that in case of a breach of contract the injured party must make every reasonable effort to minimize the damages suffered and that it would be the duty of the court upon request so to charge the jury. We hold, however, under the authorities that the burden is upon the defendant to show in mitigation of the damages claimed that the plaintiff has not used every reasonable effort within his power so to minimize his damages. *Tradesman Co.* v. *Superior Manfg. Co.,* 147 Mich 702; *Flickema* v. *Henry Kraker Co.,* 252 Mich 406 (72 ALR 1046); *Milligan* v. *Haggerty,* 296 Mich 62.' " *Edgecomb* v. *Traverse City School District,* 341 Mich 106, 115.

From this it is evident that the rule is that the duty rested upon plaintiff to mitigate his damages, but the burden of proof on that subject rested on defendants. They did not sustain it or even attempt to, nor did they plead it. The circuit court was correct on this point.

Plaintiff is not barred from recovering damages for breach of the contract until expiration of the full 2-year term of employment under the contract. See *Gallino* v. *Boland,* 221 Mich 502, 504, 505, in which this Court said:

"We are unable to agree with the contention of counsel. His argument is based upon the erroneous assumption that the plaintiff's action is for wages due under the contract and not for its breach. Plaintiff's claim was not for labor actually rendered, but for labor which he would have rendered if he had been allowed to perform under his contract.   *   *   *

"It was the plaintiff's right to treat the breach as a complete termination of the contract, to bring his action immediately and to recover for the entire term of employment. *Webb* v. *Depew,* 152 Mich 698

(16 LRA NS 813, 125 Am St Rep 431). The action was not prematurely brought."

See, also, *Ogden* v. *George F. Alger Company,* *supra.*

Affirmed. Costs to plaintiff.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.