VALENTINO v OAKLAND COUNTY SHERIFF

Docket No. 63737. Submitted October 11, 1983, at Detroit.—Decided
April 30, 1984. Leave to appeal applied for.

Plaintiffs, Paul G. Valentino, Jr., as co-personal representative of
the estate of Paul G. Valentino, Sr., deceased, Paul G. Valen-
tino, J.D., P.C., and Jannice Rabette, obtained default judg-
ments against Peter Lazaros. After several unsuccessful at-
tempts to enforce the judgments the plaintiffs obtained a bench
warrant for the arrest of Lazaros. The Oakland County Sheriff
was ordered to execute the warrant. At the time, Lazaros was
hospitalized, so the sheriff took him into custody by placing an
around-the-clock guard at the hospital room. A writ of execu-
tion was issued and delivered to the sheriff's office, specifying
for seizure several items of jewelry purportedly held in the
hospital room. Three days later the hospital room guard was
removed on the direction of the undersheriff, pursuant to a
letter from the prosecuting attorney to the circuit judge in
charge of the case. Execution was not made on any jewelry
before the guard was removed. The following day, Lazaros left
the hospital, with the knowledge of the sheriff, and thereafter
left the jurisdiction.

The plaintiffs then filed a complaint against the sheriff and
the county, alleging misfeasance and malfeasance, and seeking
damages in the amounts of their judgments plus punitive
damages. The circuit court dismissed the complaint, and plain-
tiffs appealed. The Court of Appeals, in an unreported decision,
reversed the dismissal as to the sheriff, remanding the case for
trial on the issue of whether the sheriff was negligent in
removing the hospital guard. The Oakland Circuit Court,

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 679 et seq.
[2] 73 Am Jur 2d, Stipulations §§ 8, 13-15.
[3] 37 Am Jur 2d, Fraud and Deceit §§ 157, 437 et seq.
[4] 70 Am Jur 2d, Sheriffs, Police, and Constables §§ 56, 191, 204.
[5] 70 Am Jur 2d, Sheriffs, Police, and Constables §§ 120, 153, 188 et
seq.
[6] 5 Am Jur 2d, Appeal and Error § 744 et seq.
[7] 22 Am Jur 2d, Damages § 297.

James S. Thorburn, J., found that the undersheriff was negligent in removing the guard and that the sheriff was vicariously liable for the acts of the undersheriff. Judgment was entered in favor of the plaintiffs. Following defendant's claim of appeal, plaintiffs requested modification of the trial court's findings of fact. The court held further hearings and issued a modified opinion and issued final judgment in favor of the plaintiffs. On appeal, the defendant raised several allegations of error. *Held:*

1. Plaintiffs' motion for modification of the judgment was timely. Furthermore, the trial court did not lose jurisdiction upon filing of the claim of appeal, as jurisdiction is not lost until the record is filed in the Court of Appeals. Plaintiffs' motion was brought before the record was so filed, therefore the trial court had jurisdiction to modify the findings of fact.

2. The trial court's initial findings of fact were based upon stipulations of counsel. The court was free to change such findings only upon a showing of fraud, mistake, or unconscionable advantage of one party over the other. Here, plaintiffs specifically alleged fraud upon the court in the matter of whether the sheriff had prior knowledge of the removal of the guard and of Lazaros's leaving the hospital. The court did not err in holding a further hearing and deciding the issue.

3. The trial court did not err in holding that the sheriff had the burden of proving the nonexistence of the property to be seized, thereby excusing his failure to enforce the levy. This issue was decided by the Court of Appeals in its prior decision, and that decision controls in the present appeal.

4. Under the circumstances of this case, the trial court did not err in holding that the sheriff must be charged with notice of the writ of execution and that he should have reasonably foreseen that his failure to maintain Lazaros in custody would result in the inability to seize the property pursuant to the writ.

5. The defendant failed to carry his burden of proof on his affirmative defense that the plaintiffs had failed to mitigate their damages.

Affirmed.

1. MOTIONS AND ORDERS — MODIFICATION OF JUDGMENT — CLAIM OF APPEAL.

A motion seeking modification of a judgment is to be filed within 20 days of the time the judgment is entered, and the trial court does not lose jurisdiction to consider such a motion where a party to the action has filed a claim of appeal until such time

as the record is filed in the appellate court (GCR 1963, 517.2, 802.2[1]).

2. STIPULATIONS — COURTS — FINDINGS OF FACT.

A court which has received and approved stipulations of counsel and made findings of fact based on those stipulations is not generally free to take further evidence and make findings of fact contrary to the stipulations; however, a court has equitable power to relieve a party from a stipulation where there is evidence of mistake, fraud, or unconscionable advantage taken by one party over the other.

3. COURTS — FRAUD UPON COURT — EVIDENTIARY HEARING.

A fraud is perpetrated on the court where some material fact is concealed from the court or some material misrepresentation is made to the court; where such a fraud is alleged, the court must conduct an evidentiary hearing to determine whether such fraud exists.

4. SHERIFFS AND CONSTABLES — EXECUTION — FAILURE TO EXECUTE — RECOVERY OF JUDGMENT.

A plaintiff who shows that a sheriff has failed to levy a writ of execution has established a prima facie case against the sheriff and is entitled to recover the full amount of the prior final judgment.

5. SHERIFFS AND CONSTABLES — EXECUTION — FAILURE TO EXECUTE — BURDEN OF PROOF.

A sheriff may excuse his failure to enforce a levy, primarily by showing that the property sought for execution does not exist, but the sheriff bears the burden of proving such an excuse.

6. APPEAL — LAW OF THE CASE.

The doctrine of the law of the case applies and a prior ruling of the Court of Appeals is controlling where the prior ruling concerns the same question of law in the same case upon its again reaching the Court of Appeals following a prior remand to the trial court.

7. DAMAGES — MITIGATION OF DAMAGES — BURDEN OF PROOF — TORTS.

The rule that the burden is on a defendant to show that a plaintiff has not employed every reasonable effort to mitigate damages applies in tort actions as well as in actions for breach of contract.

*Fred L. Harris, P.C.,* for plaintiffs.

*William John Beer,* for defendant.

Before: MacKenzie, P.J., and Wahls and M. Warshawsky,* JJ.

M. Warshawsky, J. Defendant appeals as of right from the Oakland County Circuit Court's March 23, 1982, judgment awarding damages to plaintiffs for defendant's failure to seize property pursuant to a writ of execution.

A detailed statement of facts and proceedings is necessary for resolution of the issues raised. On September 27, 1974, and November 24, 1974, default judgments were entered in favor of plaintiffs and against Peter Lazaros and the Lazaros trust. These judgments totaled $550,000 against Lazaros individually and $850,000 against the trust. Plaintiffs made several efforts thereafter to enforce the judgments and, on February 19, 1976, an order for a bench warrant for the arrest of Lazaros was entered after he failed to appear for a creditor's examination. In March, 1976, plaintiffs filed a petition for writ of superintending control directing Sheriff Spreen to execute the bench warrant. Sheriff Spreen was granted time to produce medical evidence that Peter Lazaros was not physically fit to be brought before the court. On or about April 18, 1976, Lazaros was admitted to a local hospital. On April 21, 1976, the sheriff was ordered to execute the bench warrant, and at that time Lazaros was taken into custody pursuant to the bench warrant by placing a rotating sheriff's guard at the hospital room. On April 28, 1976, the sheriff moved to absolve himself from the obligation to bring Lazaros before the court until it was determined to be medically reasonable, and a hearing

---

* Circuit judge, sitting on the Court of Appeals by assignment.

on the motion was scheduled for May 10, 1976. On May 3, 1976, a writ of execution against property of Peter Lazaros and the Lazaros trust was issued and delivered to the Oakland County Sheriff's office. The writ specified for seizure certain items of jewelry purportedly held in Lazaros's hospital room and a 1972 Cadillac limousine.[1]

The hospital room guard was removed on May 6, 1976, pursuant to direction of Undersheriff John Nichols. This action was taken pursuant to a letter to the circuit judge from the Oakland County Prosecuting Attorney.[2] Execution was not made on any item of jewelry before the guard was removed. On May 7, 1976, Sheriff Spreen was informed by the hospital that Peter Lazaros was leaving that day. Sheriff Spreen directed the hospital to permit Lazaros's departure. Lazaros left the hospital and apparently went to a Cleveland, Ohio, hospital for further treatment.

On May 19, 1976, plaintiffs filed a complaint alleging misfeasance and malfeasance on the part of the Oakland County Sheriff and misfeasance of the county itself as the sheriff's employer. Plaintiffs' complaint sought damages in the full amount of their judgments against Lazaros and the Laza-

---

[1] It was subsequently determined that the Cadillac was not registered to Peter Lazaros.

[2] The letter states:

"Dear Judge Thorburn:

"I have advised Undersheriff John Nichols that it is not necessary for him to maintain an around the clock security guard over Peter Lazaros while the latter is confined to the hospital. I am further advised that my instructions to Undersheriff Nichols represents your thinking in this matter.

"The removal of the guards is solely my responsibility. If there are any questions regarding this recent action, please do not hesitate to contact me personally.

Very Truly yours,
/s/
L. Brooks Patterson
Prosecuting Attorney"

ros trust, plus punitive damages against the sheriff. The trial court dismissed plaintiffs' claim against the sheriff, finding that plaintiffs had failed to meet an asserted burden that Lazaros actually possessed the proeprty sought to be seized and to prove its value. The claim against Oakland County was dismissed pursuant to the constitutional restriction against county liability for a sheriff's acts. Const 1963, art 7, § 6.[3]

On plaintiffs' appeal a panel of this Court affirmed dismissal of the claim against the county but reversed the dismissal of the claim against Sheriff Spreen. *Valentino v Oakland County* (Docket No. 52781, decided August 12, 1981 [unreported]). The Court held that once a plaintiff shows that a sheriff has failed to levy a writ of execution, he is entitled to recover the full amount of the prior final judgment, and the burden is on the sheriff to prove that his failure to levy was excused, primarily upon a showing that the property sought for execution does not exist. The case was remanded for trial on the issue of whether Sheriff Spreen was negligent in failing to restore the guard to the hospital room on May 7, 1976. The Supreme Court denied leave to appeal. 412 Mich 876 (1981).

Trial was held on March 15, 1982. Based on stipulations of counsel, the court found in pertinent part that the guard was removed from Lazaros's hospital room pursuant to direction of Undersheriff Nichols, who was acting pursuant to his authority as second in command of the sheriff's

---

[3] Const 1963, art 7, § 6 provides:

"The sheriff may be required by law to renew his security periodically and in default of giving such security, his office shall be vacant. The county shall never be responsible for his acts, except that the board of supervisors may protect him against claims by prisoners for unintentional injuries received while in his custody. He shall not hold any other office except in civil defense."

office; that Sheriff Spreen had no personal knowledge that the guard was removed on May 6, 1976; and that Lazaros's hospital room was not searched during the time he was under guard until and including the time he was permitted to leave the hospital. The trial court issued an oral opinion finding that Undersheriff Nichols was negligent in removing the guard and that Sheriff Spreen was vicariously liable for the acts of Undersheriff Nichols. On March 22, 1982, the court issued the following written opinion supplementing its oral opinion:

"This court having previously rendered its oral opinion, supplements that opinion with this written addition.

"Based on the stipulations of fact on the record and admitted facts in the pleadings, the court determines as a matter of fact and law that the defendant sheriff was not only negligent but without lawful excuse, through his undersheriff who acted in his place, intentionally disregarded an order of the court and released Peter Lazaros from custody, thus depriving the plaintiffs of any opportunity to determine the assets available, if any, to satisfy the plaintiff's [sic] judgments."

Judgment against Sheriff Spreen was entered March 23, 1982, awarding plaintiffs $2,247,000, including interest. Defendant filed a claim of appeal on April 9, 1982.

On April 12, 1982, plaintiffs filed a motion to modify the court's findings of fact, and subsequently filed two supplemental motions to modify findings of fact. Plaintiffs alleged that Sheriff Spreen had prior knowledge of the removal of the guard from Lazaros's hospital room and that defense counsel's statements to the contrary were made falsely. Plaintiffs asked the court to delete its earlier finding that the sheriff had no prior

knowledge of the guard's removal, and sought a finding that Sheriff Spreen was negligent in failing to execute the bench warrant and in failing to levy the writ of execution.

Following evidentiary hearings, the trial court on November 10, 1982, entered written findings of fact and conclusions of law. The court found in pertinent part that Sheriff Spreen was personally informed on May 7, 1976, that Lazaros was leaving the hospital and failed to take Lazaros into custody as required by the bench warrant and the April 21, 1976, court order; that the sheriff's act of permitting Lazaros to leave the jurisdiction on May 7, 1976, was a wrongful and intentional act, even though it was made in good faith reliance upon advice of civil counsel; that the sheriff did not have personal knowledge of the existence of the writ of execution on May 7, 1976, but was charged with legal notice of the writ; and that, in addition to the sheriff's liability for his own intentional act, he was vicariously liable for the negligence of Undersheriff Nichols in removing the guard on May 6, 1976. The court reaffirmed the March 23, 1982, judgment as modified. Final judgment was entered December 2, 1982.

I

FOLLOWING ENTRY OF THE COURT'S MARCH 23, 1982, JUDGMENT AND DEFENDANT'S FILING OF THE CLAIM OF APPEAL FROM THAT JUDGMENT, DID THE TRIAL COURT HAVE JURISDICTION TO HOLD FURTHER EVIDENTIARY HEARINGS AND TO MODIFY ITS EARLIER FINDINGS?

Defendant argues that the motion was in effect a motion for new trial or to amend or alter a judgment, both of which must be *served* within 20 days

after entry of the judgment. GCR 1963, 527.1, 527.2, 527.5. Defendant asserts that the court was without jurisdiction to hear the motion to modify findings of fact or to hold an evidentiary hearing because the motion was not served on him until April 13, 1982, the twenty-first day after entry of the judgment. In a related argument defendant asserts that the trial court lost jurisdiction at the time defendant filed the claim of appeal on April 9, 1982. Finally, defendant says that because the court's original findings were based on stipulations of counsel, the court was without authority to hold an evidentiary hearing and make contrary findings of fact. We disagree with all of defendant's contentions.

Plaintiffs' motion to modify was expressly brought pursuant to GCR 1963, 517.2, and was so considered by the trial court. That subrule provides:

"Upon motion of a party made not later than 20 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for new trial pursuant to Rule 527. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the circuit court an objection to such findings or has made a motion to amend them or a motion for judgment."

We read the subrule as requiring that the motion be *filed* within 20 days from the time the judgment is entered. The motion to modify in this case was filed on April 12, 1982, the twentieth day after entry of the judgment, and was therefore timely.

As to defendant's argument that the court lost jurisdiction upon the filing of the claim of appeal, GCR 1963, 802.2(1) provides:

".2 Effect of Filing Claim of Appeal.

"(1) Except as otherwise provided by statute or rule, and until the record is filed in the Supreme Court or Court of Appeals, the trial court, tribunal or officer has jurisdiction to grant further time to do, properly perform, or correct any act in connection with the appeal, omitted or insufficiently done, except to extend time for filing claim of appeal or paying the appeal fee, to dismiss the appeal, or to allow a delayed appeal."

In *Williams v State Highway Dep't,* 44 Mich App 51, 62-63; 205 NW2d 200 (1972), *lv den* 389 Mich 780 (1973), the Court held that the subrule confers concurrent jurisdiction on the trial court and the Court of Appeals until the record is filed. Since the record in the instant case was not filed until March 4, 1983, the circuit court had jurisdiction to decide plaintiffs' motion to modify findings of fact.

Defendant finally asserts that the court, having made findings based on stipulations of counsel at the March 15, 1982, hearing, was without authority to take further evidence and make findings of fact contrary to the stipulations.

Defendant relies on *Dana Corp v Employment Security Comm,* 371 Mich 107, 110; 123 NW2d 277 (1963), in which the Court stated that once stipulations have been received and approved they are sacrosanct, and neither a hearing officer nor a judge may thereafter alter them. However, a trial court does have equitable power to relieve a party from a stipulation where there is evidence of mistake, fraud or unconscionable advantage taken by one party over the other. See *Jackson v Wayne Circuit Judge,* 341 Mich 55; 67 NW2d 471 (1954);

*Powell v Martone,* 322 Mich 441; 33 NW2d 914 (1948); *Collins v Searight-Downs Mfg Co,* 245 Mich 41; 222 NW 84 (1928); *Meyer v Rosenbaum,* 71 Mich App 388; 248 NW2d 558 (1976). A fraud is perpetrated on the court when some material fact is concealed from the court or some material misrepresentation is made to the court. *DeHaan v DeHaan,* 348 Mich 199; 82 NW2d 432 (1957); *Mac-Arthur v Miltich,* 110 Mich App 389, 391; 313 NW2d 297 (1981). Where a party alleges that a fraud has been perpetrated on the court, the court must conduct an evidentiary hearing to determine whether such fraud exists. *Parlove v Klein,* 37 Mich App 537, 544-545; 195 NW2d 3 (1972), *lv den sub nom Willey v Partridge,* 387 Mich 780 (1972).

In this case plaintiffs' motion to modify findings of fact and supplemental motions alleged that certain correspondence released to the media indicated that, contrary to defense counsel's in-court stipulations, Sheriff Spreen did have prior knowledge of the guard's removal from the hospital room and prior knowledge that Lazaros was leaving the hospital. Plaintiffs' motions specifically alleged fraud upon the court in that defense counsel falsely represented that Sheriff Spreen had no prior knowledge of the pertinent facts of this case. We find under these circumstances that the trial court did not err in holding a hearing and deciding the factual issue of Sheriff Spreen's prior knowledge based on the evidence.

## II

### DID THE TRIAL COURT ERR IN HOLDING THAT DEFENDANT HAD THE BURDEN OF PROVING THE NONEXISTENCE OF PROPERTY SUBJECT TO LEVY?

In the prior appeal a different panel of this Court addressed this question and held that:

"[A] plaintiff who shows that a sheriff has failed to levy a writ of execution has established a prima facie case and is entitled to recover the full amount of the prior final judgment. *Dunphy v People for Use of Whipple,* 25 Mich 9, 12 (1872); *People for Use of Springett v Colerick,* 67 Mich 362, 368-370; 34 NW 683 (1887). While the sheriff may excuse his failure to enforce a levy, primarily upon showing the property sought for execution does not exist, *Dunphy, supra,* he bears the burden of proving such an excuse. *Coville v Bentley,* 76 Mich 248, 250; 42 NW 1116 (1889); *Beard v Clippert,* 63 Mich 716; 30 NW 323 (1886)." *Valentino v Oakland County, supra.* (Footnote omitted.)

The Court concluded that the trial court erred in dismissing the complaint on the ground that plaintiffs had failed to show damages, and remanded for a determination of Sheriff Spreen's liability.

Where a prior ruling of this Court concerns the same question of law in the same case, the doctrine of the law of the case applies and the prior ruling is controlling. *People v Stinson,* 113 Mich App 719, 730; 318 NW2d 513 (1982). The issue raised by defendant in this appeal is precisely the same issue raised in the earlier appeal. This Court's prior decision is therefore controlling.

### III

### DID THE TRIAL COURT ERR IN HOLDING SHERIFF SPREEN DIRECTLY LIABLE FOR HIS FAILURE TO RESTORE THE GUARD TO LAZAROS'S HOSPITAL ROOM ON MAY 7, 1976?

In the trial court's original decision issued in March, 1982, Sheriff Spreen was found vicariously liable for Undersheriff Nichols's removal of the guard on May 6, 1976. Following the evidentiary hearing the trial court issued an opinion on November 10, 1982, reaffirming the finding of vicari-

ous liability and, in addition, holding the sheriff directly liable for his failure to restore the guard on May 7, 1976. The trial court held:

"The decision of the defendant, Johannes Spreen, not to restore the guards at the hospital room of Peter Lazaros was wrongful. The sheriff was under the direct orders of this court as evidenced by the bench warrant of February 19, 1976, and the ruling of April 21, 1976. Upon arresting any defendant on a bench warrant, it is the express duty of the sheriff to detain him in his custody until the court orders otherwise. MCL 600.1735; MSA 600.1735.

"The decision of the defendant, Johannes Spreen, was not an act of negligence. It was an intentional act taken after consultation with civil counsel. Defendant's reliance upon the advice of civil counsel was in scrupulous good faith; nonetheless that reliance was misplaced. Although good faith reliance upon the advice of counsel may be some evidence of reasonable care in the performance of a sheriff's duty, it does not on the facts of this case excuse the defendant from compliance with the orders of this court. Defendant was aware of his duty and of the outstanding orders. Defendant was the respondent in litigation to compel the performance of his duty. Defendant's decision not to restore the guards was made on the eve of an evidentiary hearing to determine whether Peter Lazaros could be safely moved and brought before the court. There is no justifiable reason why the defendant should have contemplated refusing to follow the orders of this court. Consequently, the defendant's decision not to re-arrest Peter Lazaros was without lawful excuse.

\* \* \*

"The effect of the decisions to remove the guards and not to re-arrest Peter Lazaros was apparent even prior to the final decision having been made. Peter Lazaros was in the process of leaving St. Joseph's Hospital at the time the defendant was personally apprised of his actions. Having left the hospital and the custody of the sheriff, it must have been reasonably anticipated that he would leave the jurisdiction of the court. This he did.

Therefore, the decisions to remove and not to restore the guards were proximately related to the ultimate inability of the sheriff to execute on the writ.

"Although defendant, Johannes Spreen did not have personal knowledge of the existence of the writ of execution until after the commencement of this present suit, he should have known and consequently must be charged with knowledge of the existence of that writ." (Footnote omitted.)

The court's December 2, 1982, order states in pertinent part:

"It is further ordered and adjudged that the intentional act of the Oakland County Sheriff, Johannes Spreen, in refusing to re-arrest Peter Lazaros on the advice of counsel, after being informed by the head of security at St. Joseph Mercy Hospital that Peter Lazaros was discharging himself from the hospital, was without lawful excuse and contrary to the court's order for bench warrant, writ of superintending control, and the statutes of the State of Michigan.

"It is further ordered and adjudged that the Oakland County Sheriff, Johannes Spreen, was negligent for his failure to levy or otherwise act upon the writ of execution issued and delivered to the Oakland County Sheriff on May 3, 1976."

Defendant argues that, although he may have violated the bench warrant and the April 21, 1976, order, liability to plaintiffs does not attach because the allegedly wrongful act did not proximately cause plaintiffs' alleged loss. Citing *Palsgraf v Long Island R Co,* 248 NY 339; 162 NE 99; 59 ALR 1253 (1928), defendant asserts that, since he was not aware of the writ of execution, the risk of loss to plaintiffs was not foreseeable and proximate causation was therefore not established. We do not agree.

There is no challenge to the trial court's finding

that Sheriff Spreen intentionally failed to comply with the bench warrant and the April 21, 1976, order to arrest Lazaros. The record clearly supports this finding. Although Sheriff Spreen did not have actual knowledge of the existence of the writ of execution as of May 7, 1976, we agree with the trial court that under these circumstances he must be charged with notice of the writ. The trial court stated:

"Since March 26, 1976, when the defendant was named as the respondent on plaintiffs' petition for writ of superintending control, he had notice that Peter Lazaros was subject to arrest on civil process. He was also on notice that the civil process issued for the failure of Peter Lazaros as a judgment debtor to appear for discovery. From March 26, 1976, through May 10, 1976, defendant was actively engaged, through counsel, in proceedings to determine his obligation with respect to that outstanding civil process. Given the nature of the outstanding process, defendant's active involvement in litigation to enforce that process and the length of time, defendant, Johannes Spreen, had a duty to check the records of the civil division for outstanding writs of execution. Having failed to make that obvious investigation he must be charged with knowledge that a writ had in fact been received by the office of the sheriff."

The court did not err in holding that Sheriff Spreen should reasonably have foreseen that his failure to maintain Lazaros in custody, in disobedience of court orders, would likely result in Lazaros's leaving the jurisdiction of the court and hence, the inability to seize property pursuant to the writ of execution. We conclude that the court did not err in finding that plaintiffs' damage was proximately caused by defendant's intentional act.

Defendant also relies on MCL 600.1741; MSA 27A.1741, which provides:

"Whenever an officer is required to keep any person arrested upon a bench warrant in actual custody, and to bring him personally before any court, the inability, from sickness or otherwise, of such person to attend such court personally, is a sufficient excuse for not bringing him before such court."

Defendant asserts that this statute relieved him from any duty to prevent Lazaros from departing the hospital on May 7, 1976. However, the clear language of the statute only excuses the officer from bringing the arrested person before the court; nothing in the statute authorizes release of the arrested person from custody.

We conclude that the trial court did not err in holding Sheriff Spreen directly liable for his failure to restore Lazaros to custody on May 7, 1976. This holding makes it unnecessary to consider whether the sheriff was also vicariously liable for Undersheriff Nichols's removal of the guard on May 6, 1976.[4]

## IV

### Did the Trial Court Err in Placing the Burden on Defendant to Prove That Plaintiffs Had Failed to Mitigate Damages?

Defendant was permitted to amend his answer on October 22, 1982, adding the affirmative defense of failure to mitigate damages. Defendant alleged that:

[4] See MCL 51.70; MSA 5.863, which provides that "[a] sheriff shall not be responsible for the acts, defaults, and misconduct in office of a deputy sheriff". Defendant has raised the issue of whether this statute precludes a finding that he is vicariously liable for the negligent act of Undersheriff Nichols in this case. We find it unnecessary to decide the question in view of our holding that Sheriff Spreen is directly liable for his own wrongful act.

"Plaintiffs did not attempt to mitigate their damages by suing in the State of Ohio on their Michigan judgment against Peter Lazaros and then exercising their rights as a judgment creditor against Peter Lazaros and against the estate of Peter Lazaros."

The trial court rejected this defense, finding no duty to mitigate and that, if a duty did exist, defendant had failed to carry his burden of proof on the issue. We find no error in this decision.

It is well-established in Michigan that the defendant has the burden to show that a plaintiff has not employed every reasonable effort to mitigate damages. *Reinardy v Bruzzese,* 368 Mich 688; 118 NW2d 952 (1962); *Froling v Bischoff,* 73 Mich App 496; 252 NW2d 832 (1977). The rule is applicable in tort actions as well as in actions for breach of contract. *Rich v Daily Creamery Co,* 296 Mich 270; 296 NW 253 (1941). We express no opinion on what constitutes reasonable efforts to mitigate damages under the circumstances of this case. We hold only that defendant has completely failed to carry his burden of proof on this issue.

Affirmed.